LOUIS ETTLINGER, Respondent, *v.* JONAS WEIL et. al., Appellants.

1. MEASURE OF DAMAGES — ACTION TO RECOVER FOR FALSE REPRESENTATIONS MADE TO INDUCE PURCHASE OF REAL PROPERTY. The measure of damages, in an action brought by a purchaser of real property to recover for alleged false representations, as to the rents received from part of the premises, made by the vendors to induce him to purchase the property, is the difference between the market value of the premises if leased according to the representation and their actual market value.

2. SAME — EVIDENCE. As bearing upon such issue, expert evidence is competent to prove the market value of the property, if the part in question had been leased for the rent represented by the defendant, since there is no way to prove the damages sustained by plaintiff except by starting with the fee value of the property if leased according to the representation; but evidence as to the market value, based upon the rent actually received by the vendors for the part in question, is incompetent, where such rent depended, not upon the market value of the whole property, but upon special considerations relating to the part in question, so that such rent cannot be made the standard of the actual value of the entire property.

3. SAME — ERRONEOUS EXCLUSION OF EVIDENCE TENDING TO SHOW THAT FALSE REPRESENTATION CAUSED NO DAMAGE. The exclusion of questions, asked expert witnesses for defendant, regarding the rental value of the part of the premises in question and tending to show that the rental value thereof exceeded or was equal to the representation, constitutes reversible error; since false representations do not warrant the recovery of damages unless they cause pecuniary injury, and a misrepresentation that the premises were leased at a certain rate could result in no damage, if the actual rental value equalled or exceeded that rate.

*Ettlinger* v. *Weil*, 94 App. Div. 291, reversed.

(Argued February 14, 1906; decided March 6, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May

17, 1904, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alton B. Parker, Abram I. Elkus* and *Carlisle J. Gleason* for appellants. The trial court was repeatedly in error in the admission and exclusion of evidence as to value and damages. (*Whitney* v. *Allaire,* 1 N. Y. 305; *Haight* v. *Hayt,* 19 N. Y. 464; *Krumm* v. *Beach,* 96 N. Y. 398; *Gould* v. *Cayuga Bank,* 99 N. Y. 333; *Vail* v. *Reynolds,* 118 N. Y. 297; *Yeomans* v. *Bell,* 151 N Y. 230; *King* v. *Mott,* 37 App. Div. 124; *Grosjean* v. *Gallaway,* 64 App. Div. 547; *Prince* v. *Jacobs,* 80 App. Div. 243; *Sigafus* v. *Porter,* 179 U. S. 116.) Errors were committed in the admission and exclusion of evidence of the expert witnesses. (*Dilleber* v. *H. L. Ins. Co.,* 87 N. Y. 79; *People* v. *Augsbury,* 97 N. Y. 501; *Werner* v. *Brooklyn El. R. R. Co.,* 11 App. Div. 86; *Matter of Koch,* 33 Misc. Rep. 153; *Morehouse* v. *Matthew,* 2 N. Y. 514; *Van Deusen* v. *Young,* 29 N. Y. 9; *Marcly* v. *Shults,* 29 N. Y. 346; *Green* v. *Plank,* 48 N. Y. 669; *McGean* v. *M. Ry. Co.,* 117 N. Y. 219; *Avery* v. *N. Y. C. & H. R. R. R. Co.,* 121 N. Y. 31.)

*Louis Marshall* and *Samuel Untermyer* for respondent. The proper measure of damages was applied in this case, and the rulings of the court on the evidence of value were correct. (*Krumm* v. *Beach,* 96 N. Y. 398; *Vail* v. *Reynolds,* 118 N. Y. 297; *Benedict* v. *G. T. Co.,* 91 App. Div. 103; 180 N. Y. 558; *Herfort* v. *Cramer,* 7 Col. 483; *Gustafson* v. *Rustemeyer,* 70 Conn. 125; *Antle* v. *Sexton,* 137 Ill. 410; *Nysewander* v. *Lowman,* 124 Ind. 584; *Wright* v. *Roche,* 57 Me. 600; *Morse* v. *Hutchins,* 102 Mass. 439; *C. F. Co.* v. *Moffatt,* 147 Mass. 403.)

Vann, J. The case made by the complaint is as follows: In the spring of 1897 the defendant owned certain premises known as numbers 585 and 587 Broadway in the city of New

York with a commercial building twelve stories in height standing thereon. In June of that year, in order to induce the plaintiff to purchase said property, the defendants " falsely and fraudulently stated and represented that the store in said building was at that time leased to the firm of William Carroll & Company for the period of two years at a rental of $13,000 per annum." Said representation was false, as the the defendants knew, " in that the rental which the firm of William Carroll & Company were at that time legally obligated to pay did not amount to more than $10,500 per annum, although the defendants had fraudulently made out a lease for $13,000 per annum in favor of William Carroll & Company upon the private understanding and agreement with them that the rent which they were obligated to pay would not amount to more than $10,500 per annum." The plaintiff, relying on this representation and believing it to be true, entered into contract with the defendants " whereby he agreed to purchase the said property for the sum of $900,000, and agreed to pay said purchase price by the transfer of property and the payment of money, which together amounted in value to said sum." In reliance upon the same representation and on or about the 2nd of July, 1897, the plaintiff " carried out the said contract and purchased the said property for $900,000 and paid the purchase price thereof aforesaid." The plaintiff closed his complaint by alleging that he had been damaged by the premises to the extent of $50,000, for which sum he demanded judgment.

The defendants admitted the purchase but denied every other allegation in the complaint. The jury found a general verdict in favor of the plaintiff for $6,000 and under the rule of unanimous affirmance, which governs this appeal, the material allegations of the complaint, so far as they conform to the verdict, are conclusively presumed to be true.

While many questions are discussed in the points of counsel, only those relating to the measure of damages were orally argued before us, and owing to the conclusion reached we shall confine our review to that subject.

1. The first question thus discussed was raised as follows: An expert called by the plaintiff, on his direct examination, was asked this question : " Will you state what, in your opinion, was the value of these premises 585 and 587 Broadway, in June, 1898, with a lease upon the store, basement and sub-basement for two years at $13,000 per year — what was the fair market value ?" This was objected to as immaterial and incompetent, but the objection was overruled, and subject to exception the witness answered : " Eight hundred thousand dollars."

The witness was then asked : " What, in your opinion, was the fair market value of that property at that time, June, 1897, with a lease of the store, basement and sub-basement for two years from February 1st, 1897, at $10,500 per year ?" Subject to objection and exception the witness answered, " Seven hundred and fifty thousand dollars," and added, " So there would be a difference of $50,000 in the value based upon the difference in the rentals." This, as he subsequently explained, was upon the theory " of an increase of five per cent upon the investment." Thus the witness reached the difference of $50,000 in fee value by capitalizing the rentals mentioned in the two questions.

It appeared that the rent actually paid to the plaintiff by William Carroll & Company was at the rate of $13,000 a year during the period the lease had to run when they took possession, for the concessions and deductions by which, as the jury is presumed to have found, the rent reserved was in effect reduced to $10,500 per annum, were made in advance and the plaintiff knew nothing about them when he bought the premises. As the plaintiff lost no rent under the Carroll lease through the representation of the defendants, the damages are confined to the effect of that representation upon the fee value of the property.

The measure of damages is the difference between the market value of the premises if they had been as represented and their actual market value. Both parties assent to this proposition, but they differ as to the proper method of applying it to the case in hand.

We think the first question was competent, because it was necessary to make the situation as represented a part of the inquiry in order to admeasure the damages at all, for the plaintiff, as the injured party, was entitled to the benefit of the bargain he supposed he was making. There was no way to prove the damages sustained by him except by starting with the value of the premises if leased according to the representation.

The argument that the second question, involving the actual situation, was also competent, while plausible is unsound, because the test is the market value of the premises, which might be more or less than was indicated by the rent in fact reserved. The necessity which governs the first question has no application to the second. The rental value was competent, as evidence bearing on the fee value, but the actual rent was incompetent, because it depended, not on the market value, but on the accident of two minds, influenced it may be by special considerations, meeting upon a certain sum in making a lease of a new building with a desirable tenant for a short term. The actual value of this great piece of property is not affected by what the lessors and lessees may have thought upon the subject when making a lease of a small part thereof for two years, of which five months had expired when the plaintiff purchased. If the rent reserved had been but one dollar, the difference between that sum and $13,000, the amount of the rent as represented, when capitalized on the basis of the plaintiff's expert, would lead to a result so absurd as to show that there must necessarily be a flaw in the argument used to sustain the ruling. Rental value tends to prove fee value, because other things being equal, the income from property is a measure of its market value. Rental value is capable of exact determination and does not depend on a collateral agreement in the form of a lease of part of the property. The actual value of a building twelve stories high cannot be measured by the rent agreed upon for only the first floor and basement. It is the same building and the same land, whether that part be rented or not. Such rent cannot

be made the standard of the actual value of the entire property, yet that was the effect of the ruling now under consideration, which I think was erroneous.

2. Duly qualified experts called by the defendants were asked the following questions on their direct examination: " What in your opinion was the fair rental value of the store, basement and sub-cellar in 585 and 587 Broadway in the year 1897 ? "

" In June, 1897, what was the fair rental value of the store and basement No. 585 and 587 Broadway ? "

" Whether $13,000 for a lease of two years of this store occupied by Carroll at 585 and 587 Broadway was below or above the fair rental value of the store in 1897."

These questions were separately objected to by the plaintiff's counsel as immaterial; the objection was sustained, and in each instance an exception was taken.

The object of the evidence called for by these questions was not to measure the damages but to show that none were sustained. The plaintiff claimed that he sustained damages on account of the false representation that the store and basement were leased for $13,000 a year and he was permitted, properly as we think, to inquire as to the value of the premises on that basis. His claim of damages was confined to that particular representation, which was limited to that particular part of the premises. Upon the issue as to whether the representation, even if false, did the plaintiff any harm, the defendants sought to show the actual rental value of the store and basement at the time in question. The object of the evidence was not to show the rental value of the entire building, floor by floor, but to prove that the rental value of the part to which the representation related was all that the representation called for. If the questions had been allowed and the witnesses had answered that the rental value was $13,000 a year or more and the jury had believed them, the plaintiff could have recovered nothing for he would have suffered no loss. In that event no reduction in fee value could have been effected by the representation. False representations do not warrant the recovery of

damages unless they cause pecuniary injury. A misrepresentation that the premises were leased at a certain rate, could result in no damage, provided the rental value equalled or exceeded that rate. As the rent was paid plaintiff at the rate represented, he suffered no harm unless there was a contraction in fee value, caused wholly by the fact that the actual rental value of the part affected by the representation was less than it would have been if the representation had been true. The effort was not to establish the rental value of the entire building, but to directly answer the claim of the plaintiff that the representation caused him pecuniary loss. For this purpose it was proper that the defendants should confine their inquiry to the rental value of that portion of the building to which the representation itself was confined. The evidence excluded tended to meet squarely and directly the issue as to actual injury which was an essential part of the plaintiff's case. We think these rulings also raised reversible error.

The judgment should be reversed and a new trial granted, with costs to abide event.

GRAY, EDWARD T. BARTLETT, HAIGHT, WILLARD BARTLETT and CHASE, JJ., concur; CULLEN, Ch. J., absent.

Judgment reversed, etc.