ETTLINGER v. WEIL et al.

(Supreme Court, Appellate Division, First Department. April 23, 1909.)

FRAUD (§ 12*)—FRAUDULENT REPRESENTATIONS.

Evidence in an action against vendors of realty for falsely representing to the purchaser that the property was leased at a certain rental *held* to require reversal of a judgment for plaintiff.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 14; Dec. Dig. § 12.*]

Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Louis Ettlinger against Jonas Weil and another. From a judgment for plaintiff, and from an order refusing a new trial, defendants appeal. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

E. M. Shepard, for appellants.
Samuel Untermyer, for respondent.

INGRAHAM, J.  On a former appeal (94 App. Div. 291, 87 N.. Y. Supp. 1049), upon evidence which does not substantially differ from the evidence on the second trial, this court sustained a verdict for the plaintiff.  It was also held that the proper measure of damage was the difference between the value of the property as it was in fact when the conveyance was made and the value as it would have been if the representations as to rental were true.  Upon an appeal to the Court of Appeals (184 N. Y. 179, 77 N. E. 31), that judgment was. reversed.  No fault seems to have been found with any ruling of the trial court, except in relation to the measure of damages.  Discussing that question, the Court of Appeals said:

"As the plaintiff lost no rent under the Carroll lease through the representation of the defendants, the damages are confined to the effect of that representation upon the fee value of the property.  The measure of damages is the difference between the market value of the premises if they had been as represented and their actual market value.  Both parties, assent to this proposition, but they differ as to the proper method of applying it to the case in hand."

The court then discussed two rulings upon evidence.  One is allowing a question asked an expert as to what was the value of the premises with a lease upon the store, basement, and subcellar at $13,- 000 a year, and held that that was competent.  The second question that was considered was:

"What, in your opinion, was the fair market value of the property at that time, June, 1897, with a lease of the store, basement, and subcellar for two years from February 1, 1897, at $10,500 per year?"

And the court held that that question was not competent, because it depended upon the accident of two minds meeting upon a certain sum in making a lease of a new building with a desirable tenant for a short term.  It was said that rental value tends to prove fee value,. because, other things being equal, the income of property is a measure of its market value; that rental is capable of exact determination, and does not depend on a collateral agreement in the form of a lease of part of the property.  In other words, as I understand that decision,. the opinion of the expert must be based upon the actual rental value of the property, and not upon the value of the property based upon the fact that the owner had agreed to a lease for two years at $10,500 a year.  The representation was that there was an actual lease for two years at $13,000 a year, when, as a fact, the actual rent that was paid for the two years was $10,500 a year; and the question to be determined was, What damage was sustained by the plaintiff in consequence of that false representation?

A real estate expert called for the plaintiff was allowed to testify that the fee value of the property, if the store and basement had been actually leased for two years at $13,000 a year, was $600,000.  The witness was then asked what, in his opinion, was the actual value of this property in June and July, 1907.  That was objected to as incompetent, irrelevant, and immaterial.  The objection was overruled, and the witness answered, "$750,000."  He was then asked what was the rental value of the store, basement, and subcellar at that time.  That was objected to by the defendants, and the objection was sustained;

the court holding that the defendant could introduce proof as to that. Upon cross-examination the witness testified that the value fixed by him was the value of the property if it had been vacant; that the value of the property and the basis of rental enter into the making of this estimate; but he subsequently appears to have changed his testimony, so as to say that, entirely vacant, the property would be worth $725,000, but with a lease realizing a rental of $10,500 per year it was worth $750,000. The witness further said, upon cross-examination, that the fact upon which he based his opinion as to $750,-000 was that the store, basement, and subcellar was leased for $10,500 a year.

Considering the testimony of the witness upon cross-examination, it appears that the testimony upon which the jury based its verdict was substantially the same as the evidence on the former trial, which was condemned by the Court of Appeals. As I understand the decision of the Court of Appeals, it was improper to base a verdict upon the difference between the actual value of the property with an existing lease of $13,000 and the value of the property with a lease for $10,500; that the true measure of damage was the difference between the value of the property with a lease of $13,000 a year and the value of the property based upon its actual rental value, and not based upon the fact that the property was leased for $10,500 a year. Yet the court excluded the testimony that was offered by the plaintiff to show what the actual rental value of the property was at the time, but allowed the witness to testify to his opinion as to what the property was actually worth based upon the fact that there was a lease in existence for $10,500 a year. Upon rebuttal, however, this same expert was recalled, and testified that the rental value of the store, basement, and subbasement, on December 3, 1896, was $10,000. The defendants offered evidence tending to show that the actual rental value of this store, basement, and subbasement at the time of the same was from $13,000 to $13,500, and in rebuttal the plaintiff offered testimony to show that the rental was from $10,000 to $10,500. It followed, as matter of course, that, if the rental value was actually $13,000 or more, the plaintiff sustained no damage by reason of the representation that the property was rented for $13,000. It was said by the Court of Appeals on the former appeal:

"False representations do not warrant the recovery of damages unless they cause pecuniary injury. A misrepresentation that the premises were leased at a certain rate could result in no damage, provided the rental value equaled or exceeded that rate. As the rent was paid plaintiff at the rate represented, he suffered no harm unless there was a contraction in fee value, caused wholly by the fact that the actual rental value of the part affected by the representation was less than it would have been if the representation had been true. The effort was not to establish the rental value of the entire building, but to directly answer the claim of the plaintiff that the representation caused him pecuniary loss."

Thus it would seem that the real question for the jury was, first, to determine what the actual rental value of the premises was at the time of the sale. If they found that the rental value was less than $13,000, then they were to determine what effect a representation that

the premises were rented for $13,000 for one year and eight months from the time of the sale would have upon the fee value of the property, and for that effect upon the fee value of the property the plaintiff would be entitled to judgment. It seems to me that the market value of the property at the time of the sale had nothing to do with the proposition. Whether the plaintiff made a good or bad bargain on the purchase of the property is not material. The question is, Was the fee value any less because of the fact that the store and basement was rented for $10,500 for one year and eight months than if it had been rented for $13,000 for the year and eight months? And testimony as to the actual fee value of the property, based upon its real rental value, was competent as bearing on the difference between the actual value based upon actual rental value and the actual value based upon an existing lease for $13,000 a year. The court charged the jury that:

"If you find in favor of the plaintiff, the measure of damage will be the difference between what the premises were actually worth at the time of the purchase of the premises by the plaintiff in June, 1897, and what said premises would have been worth if the representations made by the defendant had been true."

After this charge the jury found a verdict for the plaintiff for $45,-000. While it is true that an expert witness called for the plaintiff gave it as his opinion that this property would have been worth $50,-000 more if a lease had been for $13,000 than if it had been for $10,-000 for the one year and eight months from the time the property was purchased, I think such a verdict is so excessive that it is the duty of this court to set it aside. There was no actual representation as to rental value. The only false representation consisted of the statement that there was a lease for less than two years at $13,000 a year, which sum this plaintiff actually received, but which, in consequence of rebates allowed by the defendant, the amount actually paid by the lessee of the property for the two years was $10,500 a year. That this could have had such a serious effect upon the market value of the property as that testified to by the plaintiff's expert and found by the jury seems to me so absurd upon its face that we should not allow the verdict to stand. So far as actual rent received is concerned, this plaintiff has lost nothing. The only possible claim of damage is that he was induced to pay more for the property than he would have paid if he had known the tenant was not actually paying $13,000 a year, and there is no real testimony upon that point, nor is there evidence that defendant would have sold for a less price than that paid by plaintiff. The insistence by the plaintiff of a written statement of the rentals was quite evidently for the purpose of insuring that the plaintiff should receive the rentals represented for the balance of the term, and those rentals were received. The first verdict was for $6,000, and this verdict was for $45,000.

Considering the first verdict of the jury and the nature of the testimony, I am convinced that the verdict is grossly excessive, and for that reason I am in favor of reversing the judgment, so that the question of damages can be submitted to another jury.

Judgment and order reversed, new trial ordered; costs to appellant to abide event.

McLAUGHLIN, J., concurs. CLARKE and SCOTT, JJ., concur in result.

LAUGHLIN, J. (dissenting). I am of opinion that on the last trial of this action the rule of damages prescribed by the Court of Appeals on the former appeal (184 N. Y. 179, 77 N. E. 31), was followed. As I understand the decision of the Court of Appeals, it is, although not expressly so stated, that the statement made during the negotiations for the purchase of the property which resulted in the agreement of the 4th day of June, 1897, for the purchase, that the store was rented at $13,000 per annum until February 1, 1899, which was false, in that there was a secret agreement between the landlord and tenant by which the rental, instead of being $13,000 per annum, was to be $10,-500 per annum, constituted a representation that the rental value of that part of the building was $13,000, and that the measure of damages was the difference between what the market value of the premises would have been, had the fair rental value of the store been $13,-000 per annum, and the actual market value of the property. If this be not so, I fail to see upon what theory the plaintiff would be entitled to any damages; for, if the representation be construed literally, he has suffered no damages, because, although there was an outstanding lease of the store which had still 19 months to run at a rental of $10,-500 per annum, instead of $13,000 per annum, as represented, yet the plaintiff in fact received $13,000 per annum, an allowance for the difference having been made by the landlord before the plaintiff purchased the premises. If the statement, therefore, be construed merely as a representation as to the amount for which that part of the building was leased for this comparatively brief period, then the plaintiff, since he has received rental at the rate of $13,000 per annum, has sustained no damages. It is true the Court of Appeals sustained the competency of a question calling for the market value of the property with an outstanding lease for the period stated reserving a rental of $13,000 per annum, without containing a statement informing the witness that this was in effect a representation as to the rental value, and the opinion of the Court of Appeals also contains the statement that there was no way to prove the damages sustained by the plaintiff "except by starting with the value of the premises if leased according to the representation."

I concede that the views I am expressing do not seem to fully harmonize with the opinion of the Court of Appeals; but I am unable to perceive how the fact that the rental reserved in an outstanding lease was more or less than the amount represented, taken by itself and construed literally, could have any other effect on the market value of the property than the difference between the rent actually preserved and the amount that it was represented to be. Whether or not the premises were leased according to the representation could only affect the market value by the difference between the actual rental and the rentals according to the representation. The only theory, therefore, upon

which damages have been sustained, is by construing the representation as one relating to the rental value of the property, as distinguished from the actual amount of rental reserved; and viewed from this standpoint the purchaser might be misled as to the actual value of the property assuming as we must from the decision of the Court of Appeals that he had a right to rely on the opinion of the vendor with respect to the rental value. Rental value is material in determining the actual value of property; but rental value, as distinguished from actual rental reserved or received, being largely a matter of opinion and to be determined by the testimony of experts, it would seem that where the representation is not as to the rental value of the whole property, but only as to a small part of a large building, it would be difficult to figure out the market value of the whole, based on the rental value of such a small part, and but little reliance should be placed on a representation as to the rental value of such a small part of the whole. However, the Court of Appeals has held in effect that a representation in respect to the rental of part of the building may be relied upon as a representation concerning rental value, as well as a representation as to the rental value of the whole, and we have only to follow that rule.

Construing the statement made to the purchaser as a representation with respect to the actual rental value of the property, and regarding that as I feel constrained to do, as a representation of fact, instead of an expression of opinion, for I see no other logical theory upon which plaintiff has a cause of action, then it is not difficult to determine the damages; for it only becomes necessary to ascertain the actual value of the property as it in fact exists, and the difference between that and the market value that it would have had, provided the fair rental value of the store had been $13,000 per annum, gives the damages sustained. The verdict seems very large; but if the representation is to be construed as a representation concerning the rental value, as well as concerning the actual rental, which I understand to be the ruling of the Court of Appeals, then the verdict is fairly sustained by the evidence.

I therefore vote for affirmance.