ERMAN v. GREAT CENTRAL PALACE CO.    (No. 133.)

(Supreme Court, Appellate Term, First Department.    February 4, 1915.)

1. FRAUD (§ 36*) — ASSIGNMENT OF RENTS — FALSE REPRESENTATIONS — LIA-
   BILITY.
   Where a lessor of apartment houses to plaintiff represented that the
   rents from the tenants of such houses amounted to a certain sum and
   agreed to make good any difference if such existed, it was not relieved
   of liability for such difference, even though the lessee, after ascertaining
   from each tenant that the rentals represented were correct, signed an ac-
   knowledgment that the amount represented had been found to be cor-
   rect, such amount not in fact having been correct, as this merely amounted
   to the tenants joining with the lessor in the misrepresentation.
       [Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 31, 32; Dec. Dig.
   § 36.*]

2. FRAUD (§ 59*)—ASSIGNMENT OF RENTS—FALSE REPRESENTATIONS—MEASURE
   OF DAMAGES.
   Where a lessor of apartment houses represented to the lessee that the
   rents actually received amounted to a specified sum and agreed to make
   good any difference if such existed, the lessee was not limited to a re-
   covery of the difference between the rent as represented and the rental
   value of the premises, but was entitled to recover the difference between
   the rents as represented and as they actually were.
       [Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec.
   Dig. § 59.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth Dis-
trict.

Action by Samuel Erman against the Great Central Palace Com-
pany.  From a judgment for defendant after a trial by a judge without
a jury, and from an order denying a new trial, plaintiff appeals.  Re-
versed, and new trial granted.

Argued January term, 1915, before GUY, BIJUR, and GAVE-
GAN, JJ.

Harry Stackell, of New York City, for appellant.
Samuel I. Goldberg, of New York City, for respondent.

BIJUR, J.  [1] Plaintiff sues to recover the difference between
the amount of the actual rental of certain premises and the amount as
represented by defendant.  Defendants leased several apartment
houses to plaintiff for a term of five years, and simultaneously repre-
sented in writing that the rents actually received amounted to a certain
sum, and agreed in the same instrument to make good any difference if
such existed.  Plaintiff proved that the rentals were actually less than
as represented.  Defendants then produced their copy of the "repre-
sentation agreement"—a typewritten document signed by the plaintiff.
Above the signature was written in longhand the words, "Above
amount found to be correct."  Plaintiff testified that he could not read
English, that when he signed the document he was told it was a receipt,
and that the written words were not in it when he signed it.  Defend-
ants claim that plaintiff signed it, after having gone through the hous-

es with them, and after plaintiff had ascertained from each tenant that the rentals represented were correct.

It is not necessary to comment upon the incredibility of the story told by defendant in this respect, because, as matter of law, the document is no defense. If defendants be believed, all that their story amounts to is that the tenants joined with them in misrepresenting the amount of the rentals. This does not relieve defendants from the obligation of their agreement as the result of the misrepresentation proved.

[2] Defendants urge, also, that under the rule laid down in Ettlinger v. Weil, 184 N. Y. 179, 77 N. E. 31, plaintiff can recover only the difference between the amount of rent as represented and the rental value of the premises, and that there is no proof of such value. The Ettlinger Case, however, has no application, because in the case at bar the parties made their own rule of damage by the agreement, and defendants, having agreed that plaintiff should be reimbursed the difference, if any, of the rentals as represented and the rentals as they actually were, are bound thereby.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.