WILDHACK v. CHELTENHAM ADVERTISING AGENCY, Inc.

(Supreme Court, Appellate Term, First Department.   October 25, 1916.)

EVIDENCE ⊜⟶142(5)—ACTION FOR SERVICES—EVIDENCE OF OTHER COMPENSATION.

In an action for services as an artist and illustrator, where the only issue was the value of such services, evidence as to the amount received by plaintiff for making illustrations for other parties was immaterial, because raising collateral issues as to the facts and circumstances of the other employment.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 422; Dec. Dig. ⊜⟶142(5).]

Appeal from City Court of New York, Trial Term.

Action by Robert J. Wildhack against the Cheltenham Advertising Agency, Incorporated.   From a judgment of the City Court in favor of plaintiff, entered upon a verdict of a jury, defendant appeals.   Reversed, and new trial granted.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Rollins & Rollins, of New York City (Laurence M. Bament and Roswell S. Nichols, both of New York City, of counsel), for appellant.

Gregg & McGovern, of New York City (John T. McGovern, of New York City, of counsel), for respondent.

BIJUR, J.   Plaintiff sued for services rendered to defendant as an artist and illustrator.   The only issue in the case was the value of plaintiff's services.

Over appropriate objection and exception by defendant's counsel, plaintiff was permitted to testify to the amounts received by him for making illustrations for other parties and other publications.   Indeed, as this evidence was offered substantially at the opening of the entire case, and covered a number of items, it is evident that it was intended by plaintiff's counsel as important proof in support of plaintiff's contention.   It is elementary that such evidence is immaterial and obnoxious, also, because it raises collateral issues, namely, as to the facts and circumstances of the other employments.   Jamieson v. Kings Co. E. R. Co., 147 N. Y. 322, 41 N. E. 693; Ettlinger v. Weil, 184 N. Y. 179, 77 N. E. 31, and the many cases in which the Jamieson Case is approved and elaborated.

As it is apparent that this testimony was intended to and did have an important influence with the jury, the judgment must be reversed, and new trial granted, with costs to appellant to abide the event.   All concur.