■ DAUERNHEIM, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 41460.) — HERLIHY, J. Appeal by the State from a judgment of the Court of Claims awarding damages of $225,000 to the claimant for its property appropriated for park purposes. The State first contends that the trial court erred in finding the highest and best use of property was for development as a commercial plant nursery. Suffice it to say that portions of the claimant's property were actually being used for such business at the time of the appropriation and the record is adequate to sustain the finding that the development of the remainder for such purpose was its highest and best use. We would note that the existence or non-existence of comparable sales has no conclusive bearing on such a finding, but in most instances it is one of the factors considered in arriving at market value. (See *Kelly* v. *State of New York*, 28 A D 2d 1177.) The State further argues that there was no credible evidence to support the court's finding of damages. In this regard it must be noted that the State apparently chose to ignore the existing use of part of the premises as a proper valuation for the entire tract and limited its appraisal to the zoned uses of residential property and business property. The trial court adopted the State's valuation of the business frontage of the property (1.5 acres) as being $35,000 before and after the taking, but adopted a before acreage value for the remainder of the premises between the values assigned by the State and the claimant. The State argues that the valuation of the land appropriated is improper because the claimant's expert offered no comparable sales. It appears, however, that there were no comparable sales and that the opinion evidence of the claimant's expert, together with the testimony as to residential sales and the cost of the purchase of the properties to be combined into a large single parcel in furtherance of claimant's business enterprise, thus enhancing its value, were sufficient to support the decision of the court. There was evidence of acreage valuation for residential use, the minimum being $2,700 per acre, and for commercial use, the maximum being $6,000 per acre. The court found $4,000–$5,000 per acre, giving as its reasons that substantial expenditures would be necessary to make the property suitable for the contemplated use. The direct damage found by the court is sufficiently supported by the record. As to consequential damage, it appears that the trial court adopted the State's proof, but then increased the amount found for such damage by the State's expert to allow for a change in grade of the business property on Sunrise Highway. The record does not establish any such change in grade. The claimant's expert relied on

loss of direct access to support consequential damage, but there is other suitable access to the property and thus it is not compensable. (*Wineburgh* v. *State of New York,* 20 A D 2d 961.) Although the State does not raise the point, we note that the after value of $152,000 found by the court is lower than that fixed by either of the appraisers and, therefore, not within the range of the testimony. The State's appraiser valued all of the remainder with the exception of the business parcel at $15,125 as consequential damage. The State does not object to this valuation and in accordance with the foregoing we find that the court's award of $40,000 for such damage was excessive and should be reduced to $15,125. Judgment modified, on the law and facts, so as to reduce the award to $200,125, together with appropriate interest and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.