■ FANNY GOLDSMITH, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 46611.) — Judgment unanimously modified on the law and facts in accordance with the Memorandum herein, and as so modified affirmed, without costs. Memorandum: Both parties accept the trial court's finding that the value of claimant's property before the appropriation was $56,000. The award of $5,000 direct damages for the taking of 2,135 square feet of land and 90% reduction in the value of 654 square feet burdened by the drainage easement shows that the land was valued by the court at $1.835 per square foot. Claimant's premises contained 19,000 square feet of land before the appropriation which at $1.835 per square foot had a value of $34,865 leaving $21,135 of the $56,000 before value found by the court attributable to improvements. The lowest value of improvements after the appropriation was given by claimant's appraiser as $13,700. The highest award that could be made for consequential damages to improvements was, therefore, $21,135 (before value) less $13,700 (after value) or $7,435. The basis of such damage was the impairment of access to the north entrance of claimant's building by the nearness of the south appropriation line thereto. Claimant introduced evidence to show that the condition could be cured by building an addition on the east side of the building at a cost of $27,000. The trial court erroneously awarded consequential damages to improvements in that amount. While evidence of the cost to cure a condition resulting from an appropriation is admissible such cost cannot be allowed in an amount greater than the amount of consequential damages otherwise supported by the record. (5 Nichols, Eminent Domain [3d ed.] § 23.2). Such prospective expenditures are not the measure of damages but are only an aid in determining the difference in the before and after value of the property (*Arkansas State Highway Comm.* v. *Speck,* 230 Ark. 712) and cannot operate to increase the damages above what they could be without the expenditure (*Pima County* v. *De Concini,* 79 Ariz. 154). The State consents that consequential damages of 90% of before value be allowed to 1,070 square feet of land adjacent to the building and 10% of such value be allowed to the remaining 15,141 square feet of unappropriated land. The award should therefore be: Direct damage

$5,000, Consequential damage to improvements $7,435, Consequential damage to land $4,595. The total award should be $17,030. (Appeals from judgment of Court of Claims in action for damages for permanent appropriation.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Bastow and Henry, JJ.