■ KILLIP LAUNDERING Co., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 47267.) — COOKE, J. Appeal from a judgment in favor of

claimant, entered September 17, 1968, upon a decision of the Court of Claims which awarded $34,000 and interest, to claimant for the permanent appropriation on January 5, 1966 of a parcel designated as 44–46 Madison Avenue in the City of Albany for State highway purposes. Located at the southeast corner of Madison and Dongan Avenues, one block westerly of the Dunn Memorial Bridge and on the southerly side of Route 20, the premises included a three-story commercial and residential structure with full basement, two street level stores facing Madison Avenue, four six-room apartments on the second and third floors connected with porches along the entire width of the rear of the building and a four-car garage with two entrances on Dongan Avenue. The outside of the building, of tapestry brick with stone trim, was in excellent condition, the inside being fair with hardwood floors, plastered walls, complete hot water heating system and a bath with tile in each apartment. Purchased in 1959 for $14,000, claimant expended $13,387 on alterations (Court of Claims Act, § 16; *Dennison* v. *State of New York*, 28 A D 2d 28, affd. 22 N Y 2d 409; *Bond* v. *State of New York*, 24 A D 2d 778; 19 N. Y. Jur., Eminent Domain, § 180, p. 410). Claimant's expert testified to a value of $38,000, considering land value plus reproduction cost less depreciation (*Matter of City of New York* [*Blackwell's Is. Bridge*], 198 N. Y. 84, 88, 90; 5 Nichols, Eminent Domain [3d ed.], § 20.2 [1]) and his opinion of market value, giving the most consideration to an income approach. Fair market value of property actually taken as of the date of appropriation resides in an estimate and determination of what is the fair, economic and equitable value under normal conditions and all elements of value that inhere in the property should be considered (*Matter of Board of Water Supply of City of N. Y.*, 277 N. Y. 452, 459; *Sparkill Realty Corp.* v. *State of New York*, 254 App. Div. 78, 82, affd. 279 N. Y. 656). Capitalization of net rental value is a factor which may be taken into consideration in arriving at the fair market value of property (*Ettlinger* v. *Weil*, 184 N. Y. 179, 183; *Sunnybrook Realty Co.* v. *State of New York*, 11 A D 2d 888, affd. 9 N Y 2d 960), but, generally, with respect to income-earning property held for income, the net income is in ordinary cases the surest index of value — open to proof that, for indicated reasons, the net income is an unreliable index in determining market value (*Matter of City of New York* [*Madison Houses*], 17 A D 2d 317, 320; *People ex rel. Gale* v. *Tax Comm. of City of N. Y.*, 17 A D 2d 225, 230; *Matter of City of New York* [*Cross-Bronx Expressway*], 195 Misc. 842, 854). Here, the vast South Mall project across the street from the subject property actually was in progress, a fact enhancing value, but, in the words of one witness at the time of appropriation "the whole area was in turmoil, flux or chaos", obviously a temporary cause of poor rentals. Although the actual rentals are not absolute criterions (*Matter of City of New York* [*Lincoln Sq. Slum Clearance Project*], 16 N Y 2d 497; *Matter of Town of Oyster Bay* [*Massapequa*], 50 Misc 2d 91, 94), evidence of controlled rentals, being relevant and material, are to be considered on the issue of value (*Matter of City of New York* [*West Side Renewal*], 27 A D 2d 243; *Matter of City of New York* [*Washington Sq. Southeast Slum Clearance Project*], 5 A D 2d 821). (See L. 1963, ch. 329, as amd. by L. 1965, ch. 486.) The trial court indicated that consideration was given to "the purchase price for the property over six years prior to appropriation, the extensive renovations implemented by claimant, the 'comparable sales', the sharp change in the neighborhood after claimant's acquisition and other pertinent factors." Viewing the record as a whole, we find the amount of the award reasonable, adequate and not excessive, as well as being within the range of the evidence and sufficiently supported by the evidence. Judgment affirmed, with costs. Gibson, P. J.,

Reynolds, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Cooke, J.