■ ENMAC REALTY CORP., Respondent, v. STATE OF NEW YORK, Appellant. (Claim Nos. 49218, 49219.) — Appeals by the State from judgments of the Court of Claims in favor of claimant, entered July 2, 1970 and July 24, 1970. Two claims for the appropriation of portions of claimant's property were tried together, although separate judgments were entered. (Claim No. 49218.) Claimant was awarded $70,610.50, with interest, for the taking of approximately 14,300 square feet along the front of a corner parcel of land containing approximately 50,000 square feet fronting on Broadway and Farm Lane in the unincorporated Village of Hicksville, Nassau County. The court awarded $42,325 as direct damage, consisting of land taken valued at $39,325 and nominal improvements taken at $3,000, with consequential damage to the remaining building of $12,858 and to the remaining land of $8,927.50. To this was added $6,500 for the cost of removing and relocating an overhead door. The area of appropriation involves a 43-foot strip along the entire frontage on Broadway, plus a small triangular piece extending along Farm Lane. The taking eliminated the parking display area in front of the building and also resulted in making the property a nonconforming use under the existing zoning by reducing the front set back. The court found the property's highest and best use before the taking was an auto showroom and sales room and after the taking, a less desirable commercial use because of the loss of the front display space. The court quite properly determined that the property was not a specialty. The State contends that the trial court erred in applying the cost approach in evaluating the building since it was found not to be a specialty. It also challenges the award for consequential damages to the building and that of $6,500 for the relocation of the overhead door on the cost to cure theory. One of claimant's two appraisers used, in addition to the cost approach, a capitalization of income method for a separate valuation of the building. He arrived at a before value using the income approach of $109,800 and $38,300 for the after value. The other of claimant's appraisers relied on the reproduction cost less depreciation method and assessed a before value of $126,370, with an after value of $82,142, basing that valuation on a 35% functional depreciation to the building's before value which was premised solely on the cost approach. The State's expert used the market approach, placing a before and after value on the building of $80,440 and allowed no consequential damage. The court specifically rejected the cost less depreciation method. It found the before value of the building to be $95,000 and its after value $82,142. This was erroneous because the after valuation set by claimant's appraiser and obviously adopted by the court rested upon an improper method of valuation. "Determinations thus bottomed on an erroneous principle of law must, of course, be rejected". (*Kingston Urban Renewal Agency* v. *Strand Props.*, 33 A D 2d 594.) Consequently, the after value of the building at which the court arrived was not within the range of acceptable testimony, and the award has neither foundation in fact nor support in the record. There is evidence that the taking destroyed claimant's use of the overhead door as an entrance for tractor-trailers delivering new cars into claimant's shop in connection with its highest and best use prior to the appropriation. The court made an award of $6,500 to cure this condition by removing and relocating the door. This was also error, since such prospective expenditure is not the measure of damages, but only an aid in determining the difference in before and after value of the property.

(*Goldsmith* v. *State of New York*, 32 A D 2d 607.) The State's appraiser erroneously ignored consequential damages in his valuation of the property after the taking and thus, the trial court properly rejected this expert's testimony as to after value. (See *Corl* v. *State of New York*, 31 A D 2d 692.) The judgment in Claim No. 49218, therefore, cannot stand, as we deem it neither practical nor wise on this record to make new findings, and a new trial must be directed. (Claim No. 49219.) On the date of appropriation claimant owned two adjacent block-long parcels in Hicksville on the same side of Broadway between Farm Lane and Lewis Street, one containing a gasoline station and the other an irregularly shaped unimproved parcel. The State took the entire frontage on Broadway up to a depth of about 44 feet in fee and also acquired a permanent easement immediately behind the fee taking, varying to a further depth of 5 to 10 feet. The court awarded total damages of $100,107, allocating $73,630 as direct damage and $25,447 as consequential damage to the land remaining, with $1,000 for on-site improvements. In awarding consequential damages the court found a change in the economic usefulness of the unimproved parcel with zoning setback requirements and also a change in the gasoline station parcel in effective and limited frontage due to the reduced depth of all of the parcels after the taking. On this appeal the State maintains that (1) no demonstrable adjustments were made by either of claimant's appraisers to conform their alleged comparable sales to the land values of the subject property; and (2) the court predicated its award on evidence which averaged the alleged comparables. It is true, no adjustments were made to the comparable sales used by claimant's appraisers in their written appraisals, nor were they adequately explained by their testimony. There is, therefore, insufficient disclosure of the factors which entered into the judgment of these experts to permit a basis for review of their testimony. (*Ridgeway Assoc.* v. *State of New York*, 32 A D 2d 851.) Equally fatal is the method of valuation used by one of claimant's experts in relying upon 11 comparables to arrive at the land value of the unimproved parcel. He submitted 14 comparables in connection with the land value of the gasoline station parcel. The record discloses that he averaged the square foot value of the 11 comparables and multiplied that average unit value by the square footage of the subject parcels. In the case of the 14 comparables used for his value of the gas station parcel, he did the same thing. This is an illegal method of arriving at the square foot value. (*Latham Holding Co.* v. *State of New York* 16 N Y 2d 41.) Implicit in the trial court's findings of land value is a reliance on testimony of claimant's experts. We find since the State's appraiser failed to recognize any consequential damage to the various parcels of land involved, it would not be fair to reduce the award to the amount supported by this expert. Under the circumstances here presented, we are constrained to reverse the judgment in Claim No. 49219 also, and direct a new trial. Judgments reversed, on the law and the facts, and a new trial ordered, without costs. Reynolds, J. P., Greenblott, Cooke, Sweeney, and Simons, JJ., concur.