■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for a Project Known as Brooklyn Bridge Southwest Urban Renewal Project. PHALANX REALTY CORP., Appellant.— Decree, Supreme Court, New York County, entered March 3, 1967, insofar as it relates to Damage Parcel 120 in the project known as Brooklyn Bridge Southwest Urban Renewal Project, is unanimously modified, on the law and the facts, to the extent of increasing the award of $53,000 for the building to $90,000, on the ground the award was inadequate, thus fixing the value of the building and land viewed as a whole in the sum of $182,500 (see *Matter of City of New York,* 198 N. Y. 84) and, as so modified, affirmed. Appellant shall recover of respondent $50 costs and disbursements of this appeal. The property is located on the northeast corner of William and Spruce Streets in Manhattan and was improved with an eight story and basement brick and concrete loft and office building in excellent condition, with store fronts on an irregularly-shaped lot in the former leather findings district, having a frontage of approximately 24 feet on William Street, and approximately 94 feet on Spruce Street, with the rear lot line from frontage on William Street of 45 feet 6 inches. The structure was built in the late 19th century and was renovated in 1920. There were two stores at street level; the corner store had 460 square feet of space, and the side street store 1,650 square feet. All upper floors, except the fifth, were rented or rentable as loft space. The fifth floor was office space, and an advertising sign was erected on the roof. A manual elevator serviced the building between the basement and seventh floors. Heat was supplied by a coal furnace, which the elevator operator tended. The building was equipped with fire hoses and a standpipe system with outlets on each floor, a fire alarm system, an enclosed fireproof exit stairway and fire escape. It was centrally heated. The building had floors which would sustain loads of 175 to 200 pounds. The building occupied an area of 3,291 square feet and had a rentable area of 27,228 square feet. The gross rents were estimated by the city's appraiser at $32,190 and at $35,310 by the claimant's appraiser. There seems little doubt that the claimant was entitled at least to a consideration of the actual rents collected or recently collected in the structure in reaching determination of value, especially with the depressive effects of public knowledge of an impending condemnation, on

the rentals in the area. The claimant's estimation of expenses at $15,544 is low, and the court's figure of $18,915 is realistic. The assessed valuation of the building is $50,000. The city's valuation of the building was $41,000, while claimant's expert valued it at $133,500. The trial court allowed $53,000 — $3,000 more than the assessed valuation, and $12,000 more than the value claimed by the city. The appeal at bar does not contest the award of $92,500 for the land underlying the structure, which is $17,500 more than the assessed valuation. We are of the opinion that the trial court failed to give sufficient weight to the good condition of the building, as demonstrated by the photographic exhibits. (See *Matter of City of New York* [Brooklyn Bridge Southwest Urban Renewal Project], 30 A D 2d 939, affd. 25 N Y 2d 627.) Settle order on notice. Concur — Stevens, P. J., McGivern, Markewich, Kupferman and McNally, JJ.