(As respondent.) Special Term’s award for a partial taking is legally unsupportable as it even exceeds the in-place value of all fixtures prior to the taking. Since claimant made no attempt to estabish before and after value, it was not entitled to more than the cost of restoring to use those fixtures that were within the area of taking, as awarded by the court below.
 
 (Rose v State of New York,
 
 24 NY2d 80;
 
 Abe Cooper-Syracuse, Inc. v State of New York, 8
 
 AD2d 578, 6 NY2d 964;
 
 *455
 

 Sinclair Refining Co. v State of New York,
 
 279 App Div 692;
 
 City of Little Falls v State of New York,
 
 198 App Div 488;
 
 New York State Thruway Auth. v State of New York,
 
 22 NY2d 509;
 
 United States v City of New York,
 
 168 F2d 387;
 
 United States v Certain Prop, in Borough of Manhattan,
 
 403 F2d 800;
 
 Goldsmith v State of New York,
 
 32 AD2d 607, 26 NY2d 899;
 
 Ridgeway Assoc. v State of New York,
 
 40 AD2d 1051, 34 NY2d 678;
 
 Enmac Realty Corp. v State of New York,
 
 38 AD2d 650.)
 

 George A. Burrell, P. C.,
 
 for Humble Oil and Refining Company, appellant. I. Claimant Humble is entitled to be reimbursed so that it may be put in the same relative position insofar as this is possible, as if the taking had not occurred.
 
 (Rose v State of New York,
 
 24 NY2d 80;
 
 City of Buffalo v Clement Co.,
 
 28 NY2d 241.) II. This is not a new facility nor is claimant Humble placed in any better position.
 
 (City of Little Falls v State of New York,
 
 198 App Div 488.)
 

 Robert S. Gottlieb
 
 and
 
 Michael J. Greco
 
 for respondents. I. The Special Term was correct in using the capitalization of income approach in valuing the property taken from claimant. The use of the capitalization of income approach in the partial taking of gasoline stations has been approved by the courts of this State.
 
 (Ettlinger v Weil,
 
 184 NY 179;
 
 Matter of City of New York [Lincoln Sq. Slum Clearance Project],
 
 15 AD2d 153;
 
 Matter of Port Auth., Trans-Hudson Corp. [Hudson Rapid Tubes Corp.]
 
 48 Misc 2d 485, 27 AD2d 32, 20 NY2d 457;
 
 Matter of City of New York [First Elephant Estates—La Hermosa Church]
 
 17 AD2d 317;
 
 Matter of City of New York [Phalanx Realty Corp.]
 
 39 AD2d 675;
 
 Matter of City of New York [Bruckner Expressway]
 
 58 Misc 2d 873;
 
 Killip Laundering Corp. v State of New York,
 
 32 AD2d 579;
 
 Samuelson v Salamanca Urban Renewal Agency,
 
 34 AD2d 369;
 
 Humble Oil & Refining Co. v State of New York,
 
 15 AD2d 686, 12 NY2d 861;
 
 Culver v State of New York,
 
 35 AD2d 866.) II. The Special Term’s award of $130,600 was not excessive. Since claimant’s appraisal was the only tenable one in evidence, the court should have adopted it, and had it done so claimant’s award would have been much higher. Although the lower court was correct in adopting the income capitalization method of valuation, it should have used a posttaking capitalization rate that was higher than the pretaking rate due to the added risk involved.
 
 (Matter of City of New York [Clearview
 
 
 *456
 

 Expressway],
 
 9 NY2d 439;
 
 Town of Fallsburg v Silverman,
 
 260 App Div 532;
 
 South Buffalo Ry. Co. v Kirkover,
 
 176 NY 301;
 
 Matter of Culver Contr. Corp. v Humphrey,
 
 268 NY 26;
 
 United States v Grizzard,
 
 219 US 180;
 
 Murphy v State of New York,
 
 41 Misc 2d 906;
 
 Ridgeway Assoc. v State of New York,
 
 32 AD2d 851;
 
 Matter of City of New York [Kramer Realty Corp.]
 
 16 AD2d 148, 12 NY2d 1094;
 
 Matter of City of New York [Lincoln Sq. Slum Clearance Project]
 
 15 AD2d 153;
 
 Rose v State of New York,
 
 24 NY2d 80.)
 

 Memorandum. On the appeal by the city it is urged that the owners of the property were awarded excessive compensation. It is settled that the measure of damages to which an owner is entitled for a partial taking is the difference between the value of the whole parcel before the taking and the value of the remainder after the taking where no consequential damages were sought or awarded
 
 (Diocese of Buffalo v State of New York,
 
 24 NY2d 320, 323). And in the case of income producing property, capitalization of income is generally a valid method of determining valuation
 
 (Ettlinger v Weil,
 
 184 NY 179, 183;
 
 Humble Oil & Refining Co. v State of New York,
 
 12 NY2d 861). Here there was adequate proof that the annual income produced by the property prior to the taking was $18,000, reduced to $10,800 after the taking. Capitalizing on these figures the court determined that the difference between the market value of the whole before the taking and the remainder after the taking was $90,000.
 

 The city’s first argument is that the court should have adopted a different method of valuation based on evidence of comparable sales. It is sufficient to note that, on this record, the court could properly conclude, as it did, that the comparable sales offered by the city were not in fact comparable to the condemned parcel.
 

 The city’s second point is that the court erred in granting additional amounts for the value of the land and improvements actually taken and the costs of restoring the remaining parcel. It urges that the owners have already been fully compensated for the decrease in value of the property occasioned by the partial taking, i.e., $90,000, and this represents their entire loss.
 

 Following the taking the rent was adjusted, at the behest of the tenant, to reflect the fact that both the size of the plot and the service station building had been substantially reduced.
 
 *457
 
 Thus the loss of the condemned portion of the lot and the improvements located on it were reflected in the reduced rental figure which as indicated, formed the basis for the $90,000 award. Under these circumstances additional payments for these items would constitute double compensation and the court should not have made the awards.
 

 This is not true however of the $12,000 awarded for restoration of the remaining parcel. There was an affirmed finding of fact that it was necessary for the owners to make the expenditures to restore the station to working condition and that this was not reflected in the reduced rental. This then constituted an additional loss to the owners and thus the additional award for $12,000 was proper (cf.
 
 Diocese of Buffalo v State of New
 
 York,
 
 supra,
 
 at pp 329, 330).
 

 In sum, on this branch of the appeal, we find that the owners are entitled to a total of $102,000, and the order of the Appellate Division should be modified accordingly.
 

 On the appeal by Humble it is urged that no portion of the $10,700 awarded for relocating the fixtures was attributed to the purchase of new equipment. The record supports this contention. Thus on this part of the appeal the order of the Appellate Division should be modified by increasing Humble’s award to $10,700, the amount fixed by the Supreme Court.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order modified, with costs to prevailing parties, in accordance with the memorandum herein and, as so modified, affirmed.