■ WALTER C. HEWITT, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 57759.)—Appeal from a judgment, entered February 3, 1976, upon a decision of the Court of Claims which awarded claimant the sum of $16,000 for damages resulting from the partial appropriation of his property for highway purposes (Highway Law, § 30). Claimant was the owner of a rectangular plot of approximately 15,000 square feet situated at the corner of Larkfield Road and Pulaski Road in the Town of Huntington, Suffolk County. The property had land improvements necessary for the operation of a gasoline station with a 100-foot frontage on Larkfield Road and a 150-foot frontage on Pulaski Road. On September 20, 1972 the State appropriated 1,518± square feet, resulting in a lessening of the frontage on both boundaries. At trial claimant's appraiser testified that the before value of the property was $180,000 and the after taking value was $130,000. The $50,000 difference was refined to reflect direct damages of $23,480, including $8,000 for cost to cure, and consequential damages in the sum of $26,964. The rather large amount for consequential damages was premised on the expert's opinion that even though the highest and best use of the property, after the taking, was still as a gasoline station, the partial appropriation prevented the station from being operated as a major service station because of its reduction in size. While the State's appraiser agreed that the highest and best use of the subject premises, after the taking, was as a gasoline station, he disputed claimant's contention that the reduction in size would prevent the property from being used as a major gasoline station. The State's expert's conclusion was that no consequential damages should be

awarded since utilization of a cost to cure method would make claimant financially whole. Thus, it was his evaluation that the property was worth $120,000 before and $110,000 after and that claimant's damages were $10,000 plus the cost to cure which he put at $2,725, making a total award of $12,725. The court, relying on two comparable sales of each of the parties, found the total before value to be $150,000, the total after value to be $120,000 and, utilizing $7.50 per square foot, a figure well within the range of the square foot values testified to by the respective appraisers, determined the value of the property actually appropriated to be $11,385. Further, since consequential damages are measured by the difference between the before and after values ($30,000), less the value of items appropriated ($11,385 plus an agreed upon sum of $450 for blacktop), the court determined the amount of consequential damages, if applicable, would be $18,165. However, recognizing that the cost to cure technique may be employed in lieu of consequential damages, provided such employment places the claimant in the same relative position he was in prior to the taking and is not greater in amount than the consequential damages *(Goldsmith v State of New York,* 32 AD2d 607, affd 26 NY2d 899), the court below found that the highest and best use of the property, as restored, was as a gasoline service station and that the value of such restoration or cost to cure was $4,100, a figure within the range of such values as testified to by the experts of the parties. Consequently, the court below awarded claimant total damages of $16,000 (rounded). We agree. Based on the record as a whole it is undeniable that the highest and best use of the subject property after restoration is as a gasoline service station, and that the cost to restore or cure, even accepting claimant's figures for this project, is substantially less than the consequential damages. Therefore, as pointed out in *Mayes Co. v State of New York* (18 NY2d 549, 554) "the party seeking damages is under the duty to make a 'reasonable effort' to avoid consequences of the act complained of". The State is responsible for uncured consequential damages or the cost to cure the damages, whichever is lower. Any analysis of the amounts testified to herein must conclude that it would cost less to cure. Accordingly, the findings by the Court of Claims are supported by the record (cf. *Stiriz v State of New York,* 26 AD2d 964) and the decision below should not be disturbed (cf. *Dauernheim, Inc. v State of New York,* 29 AD2d 594). This result need not be changed because the court below erred in striking expert rebuttal testimony on the issue of cost to cure. Rule 25a of the Rules of the Court of Claims (22 NYCRR 1200.27), requires full disclosure prior to trial to prevent surprise and "to take the game aspect out of the case" *(Novickis v State of New York,* 44 AD2d 508, 512). It was not intended to preclude rebuttal testimony when such proof is offered on a significant question, particularly where, as here, the cost to cure theory with an accompanying dollar amount was included in the appraisal of the party offering the proof. Rule 25a precludes proof from being offered "on matters not contained in the appraisal reports" (22 NYCRR 1200.27 [e] [1]). However, the court's error did not prejudice claimant to any significant degree. The rebuttal expert only offered cost to cure figures somewhat higher than those of the State and the amount settled upon by the court below was well within the range of the proof offered by both sides. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Mahoney, and Reynolds, JJ., concur.