IN THE MATTER OF WIDENING AND IMPROVING NINTH AVENUE AND FIFTEENTH STREET, in the city of Brooklyn.

THE BROOKLYN PARK COMMISSIONERS, Respondents, *v.* CHARLES A. NICHOLS and others, Appellants.

Where lands owned by a city in fee, to be held for the purpose of a public park, are taken for the purpose of widening public streets, under an act of the legislature (Laws 1869, ch. 700, p. 1658), providing for an assessment and payment of the damages sustained by the owners of lands taken for such improvement, the city is entitled to compensation for the land so taken.  (ALLEN and FOLGER, JJ., *contra.*)

It cannot be held, as matter of law, that the lands embraced in a park are of no more value to the city than the same lands when devoted to the public use as streets, and an award of the damages sustained by the city, by reason of such conversion of park lands into streets, having been confirmed by the Supreme Court, in the absence of any legal error, is conclusive.

(Argued June 6th ; decided June 22d, 1871.)

APPEAL from an order of the General Term of the Supreme Court, in the second judicial department, affirming an order of the Special Term for the county of Kings, confirming the report of commissioners of estimate and assessment.

The act of May 7, 1869 (Laws 1869, ch. 700, p. 1658), directs that Ninth avenue and Fifteenth street, in the city of Brooklyn, be widened and opened, under the supervision of the Brooklyn park commissioners.

By section 2, commissioners of estimate and assessment are to be appointed by the court, who are directed to esti-

mate the expense of such widening and opening, together with the amount of damages to be sustained by the owners of land taken for the opening, as well as by all other persons to be affected thereby.

By section 4, they are to assess the same as they shall deem just and equitable, upon land to be in their judgment benefited by the improvement. Three-fifths of what relates to Ninth avenue is to be charged upon the park side of the avenue, and two-fifths on the other side. The whole of the land required for the widening of Ninth avenue is taken from the park.

The report of the commissioners on valuation is made up in the tabular form required by the act, and includes an allowance for the strip of land taken from the park on Ninth avenue, and for another strip taken from the park for the widening of Fifteenth street. From the ruling of the commissioners in respect to this allowance, an appeal was taken to the Supreme Court, but confirmed by Justice GILBERT, and on a further appeal the order was affirmed at General Term.

The report contains a column of "the names of persons interested in the property taken for the improvement, with a statement of their respective interests therein;" and under this heading appears the following entry or award for the parcel (A) of land taken from the park for the widening of Ninth avenue.

"The city of Brooklyn, an estate in fee. The commissioners of the sinking fund of the city of Brooklyn; to be applied to the redemption of park bonds, $66,457. Said parcel (A) is subject to a public servitude as part of Prospect park."

And so far as relates to the land taken for the widening of Fifteenth street, parcel 45, the entry in said report under the same heading is; "The city of Brooklyn, an estate in fee. The commissioners of the sinking fund of the city of Brooklyn; to be applied to the redemption of park bonds, $41,022. Said parcel 45 is subject to a public servitude as part of Prospect park."

*Joshua M. Van Cott*, for the appellants, cited *People v. Kerr* (27 N. Y., 192); *Darlington* v. *The Mayor* (31 id., 164); *Albany and N. R. R.* v. *Brownell* (24 id., 345); *East Hartford* v. *Hartford Bridge Co.* (10 How. U. S., 111); *Matter of Albany St.* (11 Wend., 149); *Stebbins* v. *The Metropolitan Board of Works* (L. R. 6 Q. B., 37); *Matter of Central R. R.* (1 Kern., 276); *Matter of Canal and Walker Streets* (2 id., 406); *King* v. *The Mayor* (36 N. Y., 186).

*Samuel Hand*, for the respondents.

GROVER, J.   It was for the legislature to determine whether the expense of widening Ninth avenue and Fifteenth street, in the city of Brooklyn, should be paid by the city at large, or assessed upon the property benefited by the improvement; and in case of adopting the latter mode, to provide for the assessment of such property in proportion to the benefit received. (*Litchfield* v. *Vernon*, 41 N. Y., 123.) To effect this, section three of the act (Laws of 1869, vol. 2, 1659), provides that, before any assessment for such widening and opening is made, the park commissioners shall, by resolution, fix a district of assessment, beyond which the assessment to liquidate and defray the expenses and damages incident to said widening and opening and the subsequent improvement thereof shall not extend. Section two provides for the appointment of commissioners, by the Supreme Court, to estimate the expense of such widening and opening, and the amount of damages to be sustained by the owners of land and all other persons affected thereby, and to apportion and assess the same as directed by the act. Section four provides that the commissioners shall estimate the expenses and damages occasioned by the said improvement. And after their report thereon shall have been confirmed, they shall apportion and assess the same as they shall deem just and equitable, upon the lands and premises in their judgment benefited by the improvement within the district so limited by the park commissioners, and that in making the assessment for

widening and improving Ninth avenue, they shall apportion and assess three-fifths of the expense and damage upon lands lying south-east of said avenue, and the remaining two-fifths thereof upon land lying north-west of said avenue. The only error of the commissioners complained of by the appellants, is the assessment in favor of the city of the value of the land taken from the park for the purpose of widening the street and avenue. This complaint is not that such land has been overvalued by the commissioners, if the city, as owner, was entitled to payment of the value, but they claim that the city was not entitled to such payment, but only to nominal damages at most, therefor. By the acts of the legislature, under which the lands included in Prospect park were acquired by the city of Brooklyn, the city became the owner of such lands in fee, to be held by it for the purposes of a public park. The city cannot dispose of, or use the lands for any other purpose, without the sanction of the legislature; but with such sanction, the city may dispose of or use them in any way it may deem proper. (*Brooklyn Park Com.* v. *Armstrong,* decided by this court, March, 1871, *ante,* p. 234.) No question is made by the counsel for the appellant, but that the legislature may authorize the taking of the land from the park for the purpose of widening the street and avenue. The statute provides for the assessment of the damages sustained by the owners of the land taken for the improvement, and others who may be affected thereby. The city was the owner in fee of the land in question, charged with a trust to use the same for a park only. The legislature provided for the payment of the expenses of the improvement by an assessment upon the land especially benefited thereby. From the act and the map produced, it appears that the lands of the city embraced in the park were subject to an assessment for benefit in like manner as those of any other owner. Its land only was taken for widening the avenue, and the act provides for the assessment of three-fifths of the expense upon the lands of the city embraced in the park and two-fifths upon the lands of owners upon the opposite side of the avenue.

This shows an intention of placing the lands of the city embraced in the park upon the same footing in respect to the improvement as those of any other proprietor. An assessment of the damages sustained by the city, by the taking the strip from the park for widening the avenue, must have been intended, otherwise there would have been no land to appraise, and the provision therefor would have been nugatory. It follows that the city, under the act in question, was entitled to compensation for the lands taken for the improvement. It is unnecessary to determine whether the legislature could have authorized the taking of the land from the park for a street without compensation, as it clearly has not done so. On the contrary, it has provided that compensation should be made for the lands taken, and that such compensation should be assessed upon and paid by the owners of the land benefited, including those of the city. This brings us to the question principally argued by the counsel for the appellant. He insists that, the lands being held by the city in trust for a park for the use of the people of the city, the only damages that could be assessed was the pecuniary loss, if any, sustained by the city by the change of the use to a street instead of a park, and that this at most was merely nominal. To sustain this position the counsel relies upon the well settled rule that, where lands are taken for public use, the owner is only entitled to compensation for the loss or damages caused to him by such taking. This principle has been applied where the land was already subject to a servitude in behalf of the public and an additional servitude was imposed upon it. It has accordingly been held in such cases that the owner of the fee was only entitled to compensation for the loss or injury, if any, sustained by subjecting the land to the additional servitude, or in case the fee was taken for public use, he was only entitled to the value subject to the servitude already charged thereon. This is so well settled that a citation of the authorities is unnecessary. It cannot be questioned that the intention of the act was to compensate the city for any loss sustained by converting park lands into streets, nor but that the legislature had

power to provide that it should be so compensated, but it was designed only to make compensation for the loss. To this extent only were damages to the city to be assessed. To sustain the position of the defendant's counsel, it must be held as matter of law, that the lands embraced in the park, that can only be used for park purposes, are of no more value to the city than the same lands devoted to the public use as streets. I am not aware of any principle upon which such a legal conclusion can be based. The lands embraced in the park have, under the authority of the legislature, been acquired by the city at very great expense for park purposes. To hold as a legal conclusion that such lands so to be used are of no more value to the city than the same lands laid out into and used as avenues and streets would be, I think, absurd. It must be so held, or the award of the commissioners in favor of the city must be sustained. If the city sustained any substantial loss by the taking of the land from the park and converting it into streets, it was for the commissioners to ascertain and determine the amount of such damages. Their report, when confirmed by the Supreme Court, became conclusive, unless some rule of law was violated by them. Even had this court the power to review the correctness of their determination as to the sum to be awarded to the city, there is nothing in the case showing any error committed by them in this respect. No such point was made by the counsel for the appellant. His claim is that the city is not entitled to any compensation in consequence of the new use to which the land was devoted. But it is said that the improvement was designed for the benefit of the park, by creating a fine promenade and drive exterior to this portion of it, and not for the benefit of the owners of the lands upon the opposite side of the street, and that it would, therefore, be unjust to assess the latter for the lands taken from the park for that purpose. This argument should have been addressed to the legislature. That body has deemed the improvement beneficial to both, and has therefore provided that the owner should be compensated for the land taken, and that each

should contribute to the payment of such compensation, in proportion to the benefit respectively received, declaring, in substance, that such portion, so far as the avenue was concerned, should be as three to two, thus relieving the private owners to that extent, which was as far as the legislature deemed just. It should be borne in mind that the city has, with the sanction of the legislature, the right to dispose of the park land for any purpose, and that, without such sanction, it has no right of disposition whatever. The act providing that the land in question may be taken for streets upon compensation to the city, as provided therein, is the sanction required, and the conditions thereby imposed must govern the rights of the parties. If the appellants are injured by being compelled to contribute for an improvement not beneficial to them, but which the legislature has so declared, the court cannot redress such injury. No question arises upon the facts presented as to the rights of the holders of bonds issued by the city, in respect to a lien upon the lands in question to secure payment of such bonds.

CHURCH, Ch. J., PECKHAM and ANDREWS, JJ., concur; ALLEN and FOLGER, JJ., dissent; RAPALLO, J., not voting.

Order affirmed.