IN THE MATTER OF THE PETITION OF THE NEW YORK, LACKA- WANNA AND WESTERN RAILWAY COMPANY FOR THE APPOINTMENT OF COMMISSIONERS TO APPRAISE CERTAIN REAL ESTATE OF THE CITY OF BUFFALO.

*Proceedings to take lands for a railroad—right of persons interested in them to be made parties — power of the court to impose conditions upon the granting of the appli- cation to be made parties.*

Where, after proceedings to acquire title to land for railroad purposes have been commenced other persons apply to be made parties thereto, upon affidavits which, if true, show that they have an interest in the premises and a right to use the same for certain specified purposes, the court cannot require them, as a condition of granting the application, to agree not to question the regularity of the proceedings or the right of the petitioner to maintain them.

APPEAL from an order made at the Erie Special Term upon an appli- cation of certain persons to be made parties to these proceedings.

On the 14th day of July, 1881, the petitioner commenced pro- ceedings under the general railroad law, to acquire title to certain lands of the city of Buffalo by the service of its petition and notice on the mayor of the city.

The lands had originally been taken by the city for the purpose of constructing a water-channel, but that project had been long abandoned; and the land thus taken had never been dedicated to any public use. Upon the 2d day of August, 1881, the petitioner presented its petition to this court at the Erie county Special Term, and the city of Buffalo appeared by its counsel and attorney, and

consented that its interest in the lands in question might be appraised, and commissioners' appointed.

Upon the presentation of that petition, the New York, Lake Erie and Western Railroad Company, The Pennsylvania and New York Canal and Railroad Company, and The Buffalo Creek Railroad Company, and others appeared by counsel, and read certain affidavits set forth in the appeal papers, and asked leave to be made parties to the proceeding, and to interpose answers to the petition.

The court, without proofs or affidavits controverting any of the allegations of the appellants, denied the application unless the applicants elected to come in as parties to this proceeding for the purpose of being heard on the appointment of commissioners, and to have notice of all subsequent proceedings, to attend the appraisal, and to be heard on the question whether they were entitled to the damages to be awarded on the appraisal of the lands described in the petition.

And also imposed a further condition, viz. : " But however it is provided that if said parties elect to be made parties as aforesaid, they are not at liberty to question the regularity of the proceedings herein up to and including the application for the appoinment of commissioners, and in no case shall said parties be at liberty to deny or contest the right of the petitioner to have an appraisal for the city's interest in the premises sought to be taken on the proceeding."

The applicants, who are now here appellants, elected not to come in upon the terms and conditions aforesaid, and thereupon the order was entered denying the application to be made parties, and from that order thus made this appeal was taken.

*Bowen, Rogers & Locke,* for the petitioner, respondent.

*Sprague, Milburn & Sprague,* for the New York, Lake Erie and Western Railroad Company, and the Pennsylvania and New York Canal Railroad Company, appellants.

*Green, McMillan & Gluck,* for the Buffalo Creek Railroad Company, appellant.

*E. C. Hawks,* for the city of Buffalo.

HARDIN, J. :

Section 20 of the General Railroad Laws (2 R. S. [6th ed.], 527, § 22 [§ 20]) confers upon the court power at any time to "amend any defect or informality in any of the special proceedings authorized by this act as may be necessary, *or to cause* new parties to be added and to direct such further notices to be given to any *party in interest* as it deems proper."

Under this section there was ample power in the court to allow the appellants to be made parties to the proceeding. Confessedly, the lands described in the petition belonged to the city of Buffalo after the consummation of the proceedings instituted to acquire them, and they were held "charged with a specific public use," in trust as public property. (*Blake* v. *Buffalo Creek Railroad Co*, 56 N. Y., 488.)

Prior to the 3d day of April, 1871, the Buffalo Creek Railroad Company constructed two single tracks over and across the lands, and made other expenditures upon the lands, with the knowledge and consent of the city of Buffalo.

It is averred in their papers presented to the Special Term that the said Buffalo Creek Railroad Company is now engaged in the operation of its road, and that its road extends across and the track is laid down upon a *portion* of the premises taken by the city of Buffalo for the South Channel, so called, within the bounds of outer lot 5, and lot, etc., " and that the track was laid upon said lands in pursuance of a resolution of the common council of the city of Buffalo, passed October 25, 1869, and also in pursuance of a subsequent resolution passed October 15, 1872, construing the resolution of October 25, 1869, whereby permission was granted to said railroad company to maintain and operate its railroad and structures as then constructed upon and across the several streets, public grounds and highways of said city." * * *

.It is averred that several large expenditures have been made with the knowledge and consent of the city, in reliance upon such consent and knowledge of the city, over and across the lands described in the petition and known as the South Channel.

No proof to the contrary of these averments was produced, nor was any affidavits presented which controverted the averments so made.

It was also averred that one of the conditions imposed by the city in its resolutions, was that the Buffalo Creek Railroad Company should " change the line of its road as then located,    *    *    *    which the said railroad company did," and that to make such change it became and was necessary to construct it upon and over the said lands taken as aforesaid for the said South Channel, so called, by the city of Buffalo. These facts were not disproved in any manner by the petitioner.

Did they establish such a case as within the provisions of the statute, that it was proper that the Buffalo Creek Railroad Company should be made a party to proceedings seeking to acquire the title to the lands for the uses and purposes of the petitioners railway company. The fourteenth section of the General Railroad Act, prescribes a rule for the petitioner, and says "the petition must also state the names and places of residence of the parties    *    *    *    who *own* or have or *claim* to *own* or have *estates* or *interests* in the said real estate."

And section 15 of the act (ch. 140 of 1850) as it was amended by chapter 282 of Laws of 1854, declares " on presenting *such* petition to the Supreme Court    *    *    *    all or *any* of the persons whose estates or *interests* are to be affected by the proceedings, may show cause against granting the prayer of the petition, and may *disprove* any of the *facts* alleged in it. The court shall hear the proofs and allegations of the parties."

It has been held that such disproving, such proofs must be given by *legal evidence*, and that an affidavit will not answer. (*Buffalo and State Line Railroad Co.* v. *Reynolds*, 6 How., 96, op. of MARVIN, J.; *New York and Erie Railroad Co.* v. *Corey*, 5 How., 177.)

The application was in effect that the Buffalo Creek Railroad Company might be made a party, so that *its allegations* might be received, and it be thus furnished an opportunity to present legal evidence of its *allegations*.

*Prima facie* upon the papers used on the application to be made a party, it was shown that the appellant was interested in the lands, had an *interest* in the use of the lands under the permission and resolutions of the city council sufficient to bring it within the provisions of the statute. The extent of its interest was not important. It

claimed to own or have estates or *interests* in the said real estate. (*Redfield* v. *Holland Purchase Ins. Co.*, 56 N. Y., 354.)

The learned judge at Special Term seems to have recognized that the appellants had some interest in the premises, as he proposed to allow them to have notice of the appraisal and of subsequent proceedings.

If they have an interest in the lands sought, then the statute declares that the petition must "state the names and places of residence." If the statute requires all persons *interested* to have notice, and to be named in any petition presented, then the court cannot, with propriety, say that a person who has been left out of the petition by design or by accident is not, upon timely application, entitled to be made a party to the proceedings.

The appellants are not to be made parties "for the sole purpose of breaking down these proceedings," as the respondents' learned counsel suggests was the object of the application, but rather are they to be brought in for the purpose of protecting any "*interests*" they may have in the premises sought to be taken by the proceedings.

If the proceedings are well founded and within the provisions of the law they cannot be broken down by the parties who ask to be heard before the court determines the important question affecting their rights. The statute seems to contemplate the presence in court of all persons who own or claim to own any fee, estate or interest in the premises; and that being the fair intent and spirit of the statute it is no answer to the application of a person who seeks to be made a party to protect his interests, to say that he has another remedy, or that some other tribunal can protect his estate or interest. He may well reply, "I propose to avail myself of an opportunity the statute has given me in these proceedings, and therefore I ask that the proceedings be amended by bringing me in as a party." We think the Special Term fell into an error in endeavoring to place conditions upon the rights of the applicants, and that the applications should have been granted.

The applications of the New York, Lake Erie and Western, and of the Pennsylvania Canal Railroad Company, were based upon somewhat different facts than the application of the Buffalo Creek Railroad Company, but we think they were *prima facie* brought

within the statute, and that they should have been allowed to come in and be made parties that their allegations and proofs might be heard and considered.

The Pennsylvania and New York Canal and Railroad Company avers: "That the owners of said premises prior to the taking of said proceedings in 1857, including the Pennsylvania and New York Canal and Railroad Company, have ever since, with the consent of the city, remained in the quiet possession of the same; * * * that the lands * * * have been occupied with the consent of the city by the then owners thereof and their grantees, including the Pennsylvania and New York Canal and Railroad Company, *who have* built such extensive structures thereon, and that the city has thereby *and by its other* proceedings in the premises heretofore set forth, recognized the *right* of possession of said owners and their grantees;" and it is further averred that "the Pennsylvania and New York Canal and Railroad Company has the *lawful right to hold* and occupy lands which are embraced in the description contained in the petition;" and that the Pennsylvania Company has certain legal and equitable interests in a portion "of the property."

The papers used upon the application of the New York, Lake Erie and Western Railway Company, contain similar averments *mutatis mutandis.*

None of the allegations were denied. The view we have taken of the applications renders it unnecessary to determine whether the South Channel property can be taken from the city under proceedings based upon the General Railroad Act, because the property is held for a public use, and therefore that act does not apply. (*See Sweet* v. *Buff., N. Y. and P. R. R. Co.,* 79 N. Y., 293; *Matter of Ninth Avenue,* 45 N. Y., 729; *Park Commissioners* v. *Armstrong,* 45 id., 234; *Blake* v. *Buffalo Creek R. R. Co.,* 56 id., 485; *Matter of Rochester Water Comrs.,* 66 id., 413; *In re City of Buffalo,* 68 id., 175.)

Nor do we pass upon the questions relating to the effect of the statute of July 25, 1881 (ch. 672), prescribing a mode in which the city's rights may be ascertained, valued and conveyed.

The order should be reversed and the proceedings remitted to

the Special Term with instructions to grant the applications, with ten dollars costs and disbursements of this appeal to appellants.

MULLIN, P. J., and SMITH, J., concurred.

So ordered.