VILLAGE OF SENECA FALLS, Claimant, *v.* STATE OF NEW YORK.

## Claim No. 15789.

(State of New York, Court of Claims, March, 1921.)

Canal Law, § 47 — the word "person" includes municipal corporation — jurisdiction of Court of Claims.

> The word "person" in section 47 of the Canal Law includes a municipal corporation.
>
> A claim under such provision of law made by the village of Seneca Falls for damages alleged to have been suffered by it by reason of the act, fault and negligence of the state, in the construction, maintenance and operation of the improved Cayuga and Seneca canal at Seneca Falls, whereby a large volume of water in a pool created by the state was precipitated in and upon the claimant's sewer system and sewage disposal plant, is properly a subject for adjudication by this court and the state's motion to dismiss will be denied.

MOTION to dismiss claim.

John H. Clogston, for motion.

William S. McDonald, for claimant.

WEBB, J. The claim is for damages alleged to have been suffered by the claimant by reason of the act, fault and negligence of the state of New York, in the construction, maintenance and operation of the improved Cayuga and Seneca canal at Seneca Falls, whereby a large volume of water in a pool created by the state was precipitated in and upon the claimant's sewer system and sewage disposal plant at Seneca Falls greatly damaging the same.

The argument on the part of the state was based upon the decision of this court in the case of *Town of*

*New Lebanon* v. *State of New York,* 111 Misc. Rep. 310, in which case Judge Morschauser reviewed the various authorities and reached the conclusion that the claim was a public one and not within the jurisdiction of the court under section 264 of the Code of Civil Procedure. That action was based upon an agreement entered into between the town of New Lebanon and the highway department of the state by virtue of which each of the parties was to share the expense of the improvement. The comptroller refused to pay any portion of it on the ground the highway department had no authority to make the contract whereupon the town filed the claim in this court. We held that the claim was a public one, and although the contract was in our opinion a valid and binding one upon the state, it was not within our jurisdiction.

The present case, however, is not brought under the Highway Law but under the Canal Law, section 47 of which provides as follows: '' There shall be allowed and paid to *every person* sustaining damages from the canals or from their use or management, or resulting or arising from the neglect or conduct of any officer of the state having charge thereof, or resulting or arising from any accident or other matter connected with the canals, the amount of such damages to be ascertained and determined by the proper action or proceeding before the court of claims.'' There is no similar provision in the Highway Law and except for this section of the Canal Law there could be no recovery on this claim.

The sole question presented by this motion is whether the words '' every person '' include a municipal corporation. If it does the state has waived its immunity for the damages sustained by the village of Seneca Falls, and has submitted its liability to this court for determination. The obvious purpose of the

statute was to secure payment to those suffering damages because of the state system of canals or the neglect of those in charge. The state assumed all liability for such damages and created a forum wherein "every person sustaining damages" could be heard and have his claim adjudicated. The claim herein, which upon this motion we must accept as a true statement of facts, alleges the construction and ownership by the village of Seneca Falls, a domestic municipal corporation, of a sewage system and disposal plant of large value, that the state of New York, in the construction and operation of the Cayuga and Seneca canal injured and damaged its sewers and disposal plant to the extent of $20,000, for which claim is made. Were the claimant an individual his right to recover in this court would be unquestioned. To hold that the individual could recover while a number of individuals incorporated under the Village Law, all damaged from the same cause could not, would scarcely carry out the purpose of this remedial statute. The General Construction Law, section 37, reads: "The term person includes a corporation and a joint stock association."

And in the case of *Ackert* v. *City of New York,* 156 App. Div. 840, it was expressly held as follows: "Although municipal corporations are not designated by the name, they are included in the term ' person ' employed in the statute which is defined by section 37 of the General Construction Law as including corporations and joint stock companies." While the point there under discussion was a construction of the Labor Law, the language employed is entirely applicable to the case presented in this record.

Quite a similar construction was adopted by Judge Rodenbeck in the case of *O'Bryan* v. *State of New York,* 68 Misc. Rep. 618. He then held that the expres-

sion " *individual* or *corporation* " used in section 264 of the Code of Civil Procedure, and in this same section 47 of the Canal Law, included a town, as a town was a corporation.  A village is as much of a corporation as a town and both are defined to be such by section 2 of the General Municipal Law.  Laws of 1909, chap. 29.

My conclusion is that the word " person " in section 47 of the Canal Law includes a municipal corporation, and a claim filed by a village of the nature here presented is properly a subject for adjudication by this court, and accordingly the state's motion to dismiss is denied.

ACKERSON, P. J., concurs.

Motion denied.