In the Matter of the Application of THE CITY OF NEW YORK, Petitioner, Relative to Acquiring Title, etc., to the Lands Required for a Public Park, etc., and for the Opening and Extending of Commercial Street, etc., in the Borough of Brooklyn, City of New York.

Supreme Court, Kings County, May 7, 1929.

*George P. Nicholson, Corporation Counsel* [*Howard Campion* of counsel], for the petitioner.

*Decker & Allen* [*Mr. Allen* of counsel], for Newtown Creek Realty Corporation.

HAGARTY, J. The board of estimate and apportionment, in its resolution, directed that no portion of the cost and expense of said proceeding should be borne and paid by the city of New York, but that the whole of said cost and expense should be assessed upon the property which it deemed to be benefited by the proceeding. The board, in its resolution, further provided for the layout and adoption of the area of assessment for benefit and described the said area by metes and bounds.

The issues were tried before me at Special Term for Trials, Kings county, at the January term of 1926. An award was made by me to the Newtown Creek Realty Corporation in the sum of $78,318.27 for the taking of damage parcels 1, 2, 4, 5 and 6, comprising a total area of 43,510.15 square feet. The unit adopted was $1.80 per square foot. For the taking of damage parcel No. 3, an award of $15,109.10 was made. These awards were incorporated in the tentative decree filed in the office of the clerk of the county of Kings on the 12th day of April, 1928, as required by statute.

Pursuant to the service and publication of a notice of the filing of the tentative decree, objections were filed by the city of New York objecting to the excessiveness of the award made for damage

parcels 1, 2, 4, 5 and 6, and damage parcel No. 3. Objections were also filed by the Newtown Creek Realty Corporation to the report as to the assessments levied upon benefit parcels 176, 178, 200, 201, 202 and 203, upon the ground that the proposed assessments were " unjust and excessive and that the amount proposed to be assessed for benefit " had been disproportionately and unfairly assessed over the area of assessment, so that an unfair and disproportionate amount is proposed to be assessed upon the benefit parcels owned by the objecting company.

Upon the argument it was contended by the company that no part of the cost of the opening of the new street is assessed upon the public park, as required in these proceedings; and further that the assessments are erroneous because the lands of the Barge terminal fronting on the new street are assessed at the same rate as the land of the objector, fronting on the same new street, since, before the taking, the objecting company had frontages on both Dupont and Franklin streets, whereas the Barge canal terminal property was without frontage until the new street was opened.

Upon a review of the testimony, I am satisfied that the awards are amply supported by the evidence. The city's objection is, therefore, overruled.

I cannot agree with the learned corporation counsel that it was the intention of the board of estimate and apportionment, in fixing the area of assessment, to exempt the lands acquired for the park from assessment for the lands acquired for street purposes in this proceeding. The area of assessment includes the park, and if it was the intention of the board that the park should not be assessed, undoubtedly the resolution would have so stated.

Property owned by municipalities in a proprietary capacity, as distinguished from lands owned in trust for street purposes, should bear, along with other owners, its proportionate part of the burden of public improvements by which they are benefited within the area. (Greater N. Y. Charter, § 978, added by Laws of 1915, chap. 606; *Matter of Mayor, etc., of New York*, 186 N. Y. 237; *Matter of City of New York [Ashland Place]*, 196 App. Div. 370; *Matter of City of New York [Inwood Hill Park]*, 219 id. 478, 480, 484.) Park property is an asset, having the same market value in a municipality as it would have if held in private ownership. With the sanction of the Legislature, the municipality may dispose of its park land for any purpose (*Matter of Ninth Ave. & Fifteenth St.*, 45 N. Y. 729, 735; *People ex rel. Lehigh Valley R. Co.* v. *State Tax Comm.*, 206 App. Div. 549, 552, 554), and should bear its share of the expense of public improvements which enhance its market value.

The court acts in a dual capacity in condemnation proceedings.

In fixing the amounts of compensation, it exercises the power of eminent domain. In levying the assessment for benefit, it exercises the taxing power of the State. The board of estimate and apportionment acted within its power in fixing the area of assessment for benefit, and its determination is conclusive upon the court in distribution of assessments for benefit. (Greater N. Y. Charter, § 973, added by Laws of 1915, chap. 606.) It is the duty of the court, in exercising the power of taxation, to distribute the award and costs incurred in the conduct of the proceeding equitably over the assessment area, levying the assessments in amounts commensurate with the benefit derived from the proceeding by the respective parcels of land included within the area.

I am of the opinion that the park land should be assessed for street benefits, notwithstanding the fact that both properties were acquired in this proceeding, and that the benefits accruing to the Barge canal terminal property far exceeded the benefits accruing to the property of the objecting company.

The proposed assessments should be revised to conform to this opinion. The assessments for the property taken for street purposes amount to $53,974, and should be distributed throughout the area of assessment, including the park, in proportion to benefit. The assessment for the land taken for park purposes amounts to $39,457.37, which also should be distributed throughout the area in proportion to benefit, excluding, of course, the land taken.