CITY OF LITTLE FALLS, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25847.)

CITY OF LITTLE FALLS, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25848.)

Court of Claims, October 3, 1942.

*James A. McTiernan*, for the claimant.

*John J. Bennett, Jr., Attorney-General [John M. Dooley, Assistant Attorney-General*, of counsel], for the defendant.

BARRETT, P. J. These claims were tried together. Claimant, a municipal corporation, in a communication to its mayor dated October 22, 1938, was advised by the State that the greater part of Mohawk street in the city of Little Falls would be required for widening the Barge canal, and claimant was thereby requested to abandon such area for street purposes and informed that, upon its abandonment, the lands would be acquired by appropriation proceedings. On October 27, 1938, the common council of claimant adopted a resolution expressing claimant's willingness and intention to abandon the lands for street purposes, conditioned upon adequate value and consideration being paid therefor. On December 12, 1938, and December 27, 1938, the State appropriated two parcels of land in the street, pursuant to chapter 147 of the Laws of 1903, as amended by chapter 688 of the Laws of 1934. Mohawk street had been used for a public street and thoroughfare for many years, but the State, upon the trial, disputed claimant's title to the lands thus acquired. We feel, however, that for reasons hereinafter stated it is unnecessary to decide that question.

There is no reference in section 7 of article 1 of the State Constitution to compensation for the taking of public property for public use. The Legislature may authorize the appropriation of property owned by a municipality and devoted to a public use for a different use without the allowance of compensation. Streets in cities are held in trust for the public generally and may be put to a different use by the State without compensation to municipalities owning them. (*People* v. *Kerr*, 27 N. Y. 188; *People ex rel. Palmer* v. *Travis*, 223 id. 150; Annotation, 56 A. L. R. 365; 20 C. J. p. 704; Lewis, Eminent Domain [3d ed.], § 241.) The use of land for canal purposes is a public use. (*Matter of Townsend*; 39 N. Y. 171; *People ex rel. Palmer* v. *Travis, supra*.) Section 4 of said chapter 147 of the Laws of 1903, which confers upon this court jurisdiction to determine the amount of compensation, does not give any cause of action not existing at common law. *Warner* v. *State of New York* (132 App. Div. 611; affd., 204 N. Y. 682); *Rigney* v. *N. Y. C. & H. R. R. R. Co.* (217 N. Y. 31); *Radcliff's Executors* v. *Mayor, etc., of Brooklyn* (4 id. 195); *Matter of City of New York (Inwood Hill Park)* (219 App. Div. 478); and *Matter of Widening and Improving Ninth Avenue and Fifteenth Street* (45 N. Y. 729), are distinguishable in that the statutes there involved expressly provided for compensation. In *City of Little Falls* v.

*State of New York* (198 App. Div. 488), relied on by claimant, the award was only for damages caused by the State's interference with a city water system. The decision was based upon the grounds that the city was a " person " within the meaning of former section 47 (now section 120) of the Canal Law, that the water system was owned by the city in its proprietary, as distinguished from its public, capacity, and, therefore, the claim was a private claim within the meaning of section 47 of the Canal Law and section 264 of the Code of Civil Procedure. Said section 120 is not applicable here, as the lands were appropriated pursuant to section 4 of chapter 147 of the Laws of 1903. In any event, section 40 and not section 120 of the Canal Law relates to damages caused by the appropriation of land. (*Mark* v. *State of New York,* 97 N. Y. 572.) Also the street, if owned by claimant, was owned by the city in its public capacity and not in its private capacity. It is clear that claimant is not an owner within the statutes referred to in the cited case. (*People* v. *Kerr, supra; People ex rel. Palmer* v. *Travis, supra;* Annotation, 56 A. L. R. 365; 20 C. J. p. 704.)

There was no express agreement by the State to make compensation. In fact, the allowance of such compensation was beyond the power of State officials, except the Legislature, and would constitute a mere gratuity. (*People ex rel. Palmer* v. *Travis, supra; People v. Kerr, supra;* Annotation, 56 A. L. R. 365; 20 C. J. p. 704.) It, therefore, follows that claimant is not entitled to compensation for the appropriated lands.

Damages to the city's water system are recoverable. (*City of Little Falls* v. *State of New York, supra.*) Water pipes were underneath the lands taken. They were removed and returned to the city or the city was paid the value thereof. In the area taken all property served by the water system was appropriated except that of a power corporation, and the State installed a pipe line to that one consumer. The removed water lines were not reconstructed. The only proof of damages is the cost of reconstruction. Such is the proper measure of damages when there is actual reconstruction. (*City of Little Falls* v. *State of New York, supra.*) Here there was no reconstruction and no necessity therefor. There is no proof of depreciation although the pipes were laid in 1887. Claimant is not entitled to the value of new pipes. (*New York Telephone Company* v. *State of New York,* 169 App. Div. 310; affd., 218 N. Y. 738.) Any award based upon such testimony would be a mere gift of public moneys. As to the leaks caused by the State's installation, there is no proof of the cost of correcting that condition and no proof of damages suffered thereby.

The claims must be dismissed.