CITY OF LITTLE FALLS, Appellant, *v.* STATE OF NEW YORK, Respondent.

(Claim No. 25847.)

CITY OF LITTLE FALLS, Appellant, *v.* STATE OF NEW YORK, Respondent.

(Claim No. 25848.)

Fourth Department, May 5, 1943.

*James A. McTiernan, City Attorney,* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Orrin G. Judd, Henry S. Manley* and *Herbert A. Einhorn* of counsel), for respondent.

DOWLING, J. From 1832 until October 27, 1938, Mohawk Street was a public street in the village and in the city of Little Falls, N. Y. The parts of Mohawk Street, abandoned as hereinafter stated, ran generally east and west and parallel and close to the northerly line of the Barge Canal. The city of Little Falls maintained the street at its own expense and installed under the surface of the street pipes which formed part of the city's municipal water works. The city supplied water to the abutting owners on either side of Mohawk Street.

On October 22, 1938, the Department of Public Works of the State of New York caused the following letter to be delivered to the Mayor of the city of Little Falls:

" Dear Sir:

" In connection with the improvement, widening and deepening of the Barge Canal through the City of Little Falls as a federal project, it is contemplated that the channel will be widened to the north between the lift bridge and Hansen Avenue bridge.

" The State proposes to acquire all the privately owned properties adjacent to Mohawk Street in this area, except the property of the Kanata Realty Company and the Central New York Power Corporation. This will leave, after the improvement, only lands owned by the State of New York and those owned by the Kanata Realty Company and the Central New York Power Corporation. The two latter companies have expressed themselves as being agreeable to the discontinuance of Mohawk Street, the greater portion of which would be required to permit the widening of the canal.

" The land embracing a portion of Mohawk Street which is owned by the City of Little Falls is indicated on the inclosed map in green. The other portions of Mohawk Street comprising the westerly approach from Hansen Avenue and the easterly approach from the lift bridge are now the property of the State of New York.

" In view of the fact that the only owners of property fronting on this street have expressed their willingness to its abandonment in connection with the improvement, it is now requested, if consistent with the interests of the City, that the portion owned by the City, outlined in green, be formally abandoned for street purposes.

" After the officials of the City have expressed themselves in regard to the abandonment, the State will prepare the necessary maps and acquire by appropriation.

" Prompt action in regard to this matter will be very much appreciated in order that the plans for the improvement may be completed and the project put under construction this winter.

Very truly yours,

L. D. BROWNELL,

District Engineer.

" by WILLIAM ROBINSON

Assoc. Civil Engineer."

In compliance with this letter, and on October 28, 1938, the Common Council of the City of Little Falls adopted and transmitted to the Department of Public Works of the State of New York the following resolution:

" WHEREAS, This municipality through its Common Council is willing at this time to indicate its intentions in the premises, it is therefore

" RESOLVED, That the City of Little Falls, through its Common Council, that being the supreme legislative body of said municipality, hereby records its willingness and intention to abandon, for street purposes, the unimproved portion of Mohawk Street, lying between the canal lift bridge on the east and Hansen Avenue extension, so-called, on the west, in order that the State of New York in the improvement, widening, and deepening of said barge canal may eventually appropriate and utilize the lands and premises upon which the unimproved portion of said street is located or the lands and premises immediately adjacent or contiguous thereto; such abandonment, upon the part of the City, to be conditioned, however, upon adequate value and consideration being paid to said municipality upon the appropriation by the State of New York of the lands in question; whereupon such unimproved portion of said Mohawk Street shall, in all things, be deemed to be abandoned for street purposes by the City of Little Falls."

The Department of Public Works received the resolution. Acting upon said resolution and on December 12, 1938, pursuant to chapter 147 of the Laws of 1903 and chapter 688 of the Laws of 1934, the State of New York appropriated, for State canal purposes, 0.531 acres of land, more or less, belonging to the city of Little Falls as described on appropriation map No. 5966 and on December 27, 1938, pursuant to the same statutes, the State of New York also appropriated, for State canal purposes, 0.076 acres of land, more or less, belonging to the city of Little Falls as described on appropriation map No. 5976. Both parcels of land so appropriated constituted parts

of Mohawk Street prior to its abandonment by the city of Little Falls by the resolution above set forth.

The State also acquired from private owners all the property bounded by the southerly side of that part of Mohawk Street which had been abandoned as a street and by the northerly line of the Barge Canal. The State took possession of the property so appropriated from the city of Little Falls and removed the water main belonging to the city and delivered to the city the water pipes so removed. The State also, at its own expense, constructed a water main to the property of the Central New York Power Corporation so as to continue the water service which the city of Little Falls had supplied theretofore to said company.

In July, 1940, the city of Little Falls duly presented to and filed with the State of New York, claims for the appropriation of said property. For the 0.076 acres of land, more or less, so appropriated the city demanded $3,310.60 and for the 0.531 acres of land, more or less, so appropriated, the city demanded $23,130.40.

In February, 1942, the claims were brought to trial before the Court of Claims. At the close of the evidence, the State moved to dismiss both claims on the ground that the city had failed to establish a cause of action against the State in either claim. The court reserved decision. On October 3, 1942, the court rendered its decision in writing wherein it directed judgment dismissing the claims holding that " The Legislature may authorize the appropriation of property owned by a municipality and devoted to a public use for a different use without the allowance of compensation. Streets in cities are held in trust for the public generally and may be put to a different use by the State without compensation to municipalities owning them. [Citing cases.] * * * Also the street, if owned by claimant, was owned by the city in its public capacity and not in its private capacity. It is clear that claimant is not an owner within the statutes referred to in the cited cases. [Citing cases.] There was no express agreement by the State to make compensation." The court also held that the city had failed to prove any damages arising out of the removal of the water pipes. From the judgments entered the city of Little Falls has appealed.

It was held in *People ex rel. Palmer* v. *Travis* (223 N. Y. 150, 167) that the property of a municipality, which is being devoted to a public use, may be appropriated by the State without compensation to the municipality. When the State appropriated

the property in question, it was no longer being used for a public highway. The city of Little Falls, at the request of the State, had abandoned "for street purposes, the unimproved portion of Mohawk Street [the land appropriated], lying between the canal lift bridge on the east and Hansen Avenue extension, so-called, on the west, in order that the State of New York in the improvement, widening, and deepening of said Barge Canal may eventually appropriate and utilize the lands and premises * * *." Under article XII, section 3, of the Constitution then in effect (now art. IX, § 12), the city of Little Falls had the power to legislate in respect to "the acquisition, care, management and use of its streets and property." Under General City Law, article 2-A, section 20, subdivisions 2 and 7, every city is empowered (subd. 2) to acquire real property "for any public or municipal purpose, and to sell and convey the same" and the rights of the city in and to such property "are hereby declared to be inalienable, except in the cases provided for by subdivision seven of this section." Subdivision 7 empowers cities "to lay out, establish, construct, maintain, operate, alter and discontinue streets * * * and upon the discontinuance thereof to sell and convey the same."

The Court of Claims found as a fact that the property appropriated belonged to the claimant or that the claimant had an interest therein amounting to a property right. "Land owned by a municipal corporation, but not used for a public purpose, is held by the owner as a private individual * * *. [Citing cases.] " (County of Herkimer v. Village of Herkimer, 251 App. Div. 126, 128, affd. 279 N. Y. 560.) After the city had abandoned said section of Mohawk Street for street purposes, it had a right to maintain its water main in said former street and to sell and convey the same. "Property used primarily to obtain revenue or profit is not held for a public use * * *." (Bush Terminal Co. v. City of New York, 282 N. Y. 306, 321; Town of Islip v. Estates of Havemeyer Point, 224 N. Y. 449, 452.) Article 5, section 40, of the Canal Law relates to acquisition of land for the canal system. Subdivision 12 of section 40 provides: "Any owner may present to the court of claims a claim for the value of lands and waters appropriated and for legal damages as provided by law for the filing of claims with the court of claims. Payment of such awards and judgments of the court of claims shall be made in the manner now prescribed by law." The term "municipal corporation" includes a city. (General Municipal Law, art. 1, § 2.) A municipal cor-

poration is also included in the term "person." (*City of Little Falls* v. *State of New York*, 198 App. Div. 488, 489.) The cases principally relied upon by the court below (*People* v. *Kerr*, 27 N. Y. 188; *People ex rel. Palmer* v. *Travis*, 223 N. Y. 150) are distinguishable for the reason that the property here in question had lost its public character when the appropriations were actually made. The city of Little Falls properly filed claims against the State to recover the reasonable value of the property herein appropriated by the State for Barge Canal purposes and the city is entitled to recover from the State the reasonable value of the property so appropriated.

We think the court was in error in dismissing the claims. The evidence indicates that the interest of the city of Little Falls in the property described in appropriation map No. 5976 containing 0.076 acres of land, more or less, was reasonably worth the sum of $500 and that the property described in appropriation map No. 5966 containing 0.531 acres of land, more or less, was reasonably worth $2,500. (*Brainerd* v. *State of New York*, 74 Misc. 100.) The evidence indicates that the city suffered no loss by reason of the removal of the water pipes by the State.

The judgments should be reversed with costs of this appeal. The claims should be reinstated and judgments directed for the city of Little Falls in the amounts specified above, with interest from the date of the filing of the claims.

All concur, except CROSBY, P. J., and HARRIS, J., who dissent and vote for affirmance. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

In Claim No. 25847.— Judgment reversed on the law and facts with costs, claim reinstated, and judgment directed to be entered in favor of the claimant and against the State for $500, with interest from the date of the filing of the claim. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusion made.

In Claim No. 25848.— Judgment reversed on the law and facts with costs, claim reinstated, and judgment directed to be entered in favor of the claimant and against the State for $2,500, with interest from the date of the filing of the claim. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.