Charles T. Major, J.
The City of Schenectady filed this claim to recover for the value of park lands appropriated for purposes connected with the Mohawk Thruway, and directly pertaining to a spur line through Pleasant Valley Park to the center of the city of Schenectady, pursuant to article 12-A of the Highway Law. The land appropriated is described on Map No. 50 R-l as Parcel No. 55, and is located between Broadway on the westerly side and Hulett Street on the easterly side in the city of Schenectady. The spur line for which this appropriation was made, is beneficial and advantageous to the city.
The appropriation maps with description thereon were filed in the offices of the State Department of Public Works on February 15, 1951; Schenectady County Clerk’s office on April 11, 1951, and copies thereof with notices of appropriation were served on the claimant on July 10, 1951. The claim herein was filed on February 12, 1952, and has not been assigned or submitted to any other court or tribunal for audit or determination. The court viewed the premises.
*233 The original claim was amended by consent during the trial by withdrawal of certain items of damage. The values were proven by claimant, and uncontroverted by the State. The State’s liability for the following items remains to be deter-
mined, viz:
(a) Parcel No. 55, — 6.958 acres...........$ 5,666.40
(b) Comfort station on land appropriated. .$15,000.00
(c) One-half acre paved highway..........' .$ 400.00
Total ...............................$21,066.40
Only questions of law remain to be decided. The Attorney-G-eneral contends that the property taken was owned and used by claimant for a public purpose and the State has the right to take it for another public purpose without compensation.
On November 17, 1913, the Common Council of the claimant city adopted, and on November 18, 1913, the Mayor thereof approved an ordinance to acquire lands for park purposes, the purchase price to be approved by the city’s Board of Estimate and Apportionment, and authorized the condemnation of any land which could not be acquired otherwise. The cost and expense of these lands and of their acquisition were paid from the proceeds of park bonds sold by the city. Some of these park lands were purchased and some were condemned. Condemnation proceedings were instituted to acquire lands involved in this claim, but, before these proceedings were concluded, the premises were acquired by purchase and conveyed to the city by a full covenant deed. This deed contained no reservation, limitation or reversionary clauses, excepting several conditions which have no bearing on this decision.
The lands had been acquired and dedicated by claimant as a park and were used for park purposes at the time of the taking.
Schenectady is a second class city. Its authority to acquire property for park purposes is set forth in subdivisions 2 and 7 of section 20 of the General City Law, as enacted by chapter 247 of the Laws of 1913, effective April 10, 1913, stating:
“ § 20. * * * Subject to the constitution and general laws of this state, every city is empowered: * * *
“2. * * * and also to acquire by condemnation real and personal property within the limits of the city, for any public or municipal purpose, and to sell and convey the same, but the rights of a city in and to its * * * parks * * * are hereby declared to be inalienable, except in the cases provided for by subdivision seven of this section. * * *
*234 “ 7. * * * and to lay out, establish, construct, maintain and operate * * * parks * * * and upon the discontinuance thereof to sell and convey the same.”
The court finds no special act of the Legislature, or city charter provision to supersede or modify this section.
Cities are territorial subdivisions of the State, created as municipal corporations for the administration of government. They exercise only the powers which have been conferred by express legislation, or by implication therefrom. They have a twofold character: — one governmental and the other proprietary or private. In the former, they perform the functions and possess the attributes of sovereignty delegated by the Legislature. In the latter, they have the power, prerogatives, and capacities of a private corporation, and are subject to its liabilities. Only the property in which the city has acquired absolute ownership as an agency of the State is subject to control by the Legislature. In this latter case, it may be transferred to some other agency of government charged with the same duties, or it may, by proper legislation, be devoted to other public purposes without compensation/ (Williams v. Gallatin, 229 N. Y. 248; Brooklyn Park Comrs. v. Armstrong, 45 N. Y. 234; Darlington v. Mayor, 31 N. Y. 164; People v. Kerr, 27 N. Y. 188; City of Little Falls v. State of New York, 178 Misc. 1063, revd. on other grounds 266 App. Div. 87, affd. 291 N. Y. 755; City of Rochester v. Gray, 133 App. Div. 852; Sebring v. Quackenbush, 120 Misc. 609, affd. 214 App. Div. 758.)
property held by a city in its proprietary or corporate capacity is not subject to unrestricted legislative authority. (Whitney v. State of New York, 96 N. Y. 240; Eldridge v. City of Binghamton, 120 N. Y. 309.) Such status places the property so held within the designation and requirements of the Constitution pertaining to the taking of private property. This can be done only by the. exercise of eminent domain with payment of full compensation/ (Herkimer County v. Village of Herkimer, 251 App. Div. 126, 128, affd. 279 N. Y. 560.)
The ownership of a park, and the operation and maintenance of a park are in two separate and distinct categories. The question being considered by this court is the type of ownership. Pleasant Valley Park cannot be sold by the city until it has been discontinued as a park. The restriction against alienation also prohibits its being leased, except for purposes connected with the operation of a park, as seasonal concessions, etc., unless otherwise authorized by the Legislature. The City of Schenectady owns these park lands in trust as an agency of the State in its governmental capacity for use of the public. The State has *235 taken the appropriated property and dedicated it for another public use, by authority of legislative enactment. (Public Authorities Law, art. 2, tit. 9; Highway Law, art. 12-A.) The building in this park and the Pleasant Valley Road were both park improvements permanently affixed to the land and are real property. There is no evidence that the Pleasant Valley Road was ever dedicated as a city street and, in any event, if such road were a city street it would still come within the governmental function classification.
The State is, therefore, not required to make compensation to claimant for the appropriated lands or the improvements thereon. (Hunter v. City of Pittsburgh, 207 U. S. 161; People ex rel. Palmer v. Travis, 223 N. Y. 150, 167; Matter of Central Parkway, 140 Misc. 727; City of New York v. Rice, 198 N. Y. 124; Brooklyn Park Comrs. v. Armstrong, 45 N. Y. 234, supra; Rivet v. Burdick, 255 App. Div. 131; Aldrich v. City of New York, 208 Misc. 930.)
The claim is dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Judgment is directed accordingly.