John P. Gualtieri, J.
At the time of the appropriation the claimant was the owner of approximately 115 acres of land in the Town of Queensbury, fronting on Route 9 and a street known as Gurney Lane. Route 9 is a highly travelled State highway leading from the City of Glens Palls to Lake George and being the main artery of traffic between New York City and Montreal.
The claimant acquired this property in 1919. The minutes of the Board of Supervisors of Warren County indicate that it was purchased as a site for a County hospital for the treatment of tuberculosis. The hospital was built and used for the treatment of tubercular patients until 1957 when it was converted into a County infirmary. The evidence indicates that portions of the property were used as a children’s health camp by the claimant, County of Warren, and a local organization known as the Warren County Health Association, Inc., jointly. There is also evidence that portions of the property had extensive tree planting for reforestation purposes.
The appropriation took 35.53 acres in fee and 1.650 acres for a temporary easement.
Although the entire property was acquired for use as a tuberculosis hospital in 1919, the appropriated parcels were at the time of the appropriation obviously surplus land which was open and unused with no improvements upon it.
The State raises the question initially by motion to dismiss, made during and at the conclusion of the trial, that the claimant is entitled to no compensation because of the rule that a municipality cannot receive an award for the taking of property devoted to a governmental use. If the property was used for governmental purposes the claimant, of course, cannot recover. (City of Albany v. State of New York, 21 A D 2d 224, affd. 15 N Y 2d 1024.) Nor can the claimant receive any benefit from section 3 of the General Municipal Law effective March 8, 1960 which is not retroactive.
What is a governmental use as distinguished from a proprietary one is a question of fact. No hard and fast rule can be invoked and the decision must rest upon the facts in any given case. (Nehrbas v. Village of Lloyd Harbor, 2 N Y 2d 190, 194; 2 Nichols, Eminent Domain, § 5.9 [6], p. 358; 1951 Atty. Gen. .129 and 1959 Atty. Gen. 51; City of New Rochelle v. State of New York, 19 A D 2d 674, affd. 14 N Y 2d 559; City of Schenectady v. State of New York, 6 Misc 2d 232; Village of Canajoharie v. State of New York, 13 Misc 2d 293, affd. 8 A D 2d 656; City of Little Falls v. State of New York, 266 App. Div. 87, affd. 291 N. Y. 755.)
*717 While the court has carefully considered these and other decisions its problem here is fairly simple. On the facts presented in this case, the appropriated land was in fact not being devoted to any particular use except the planting of trees. We cannot and will not assume that the property was or would be in the future used for governmental purposes to defeat the claimant’s right to compensation for the appropriation.
In City of Little Falls v. State of New York (supra), the Appellate Division, Fourth Department, held that an abandoned street lost its public character and was therefore held in a proprietary capacity. Here even if it had been planned, as the evidence discloses, to erect a county office building on this site, the project was abandoned, whatever the reason, and the above citation would appear to be controlling in the situation here presented. In fact, the State’s own appraiser testified that the highest and best use of the claimant’s property was county land and idle farm land and Adirondack acreage ”.
There being no evidence before the court that this property was used for governmental purposes, the State’s motion to dismiss the claim is denied.
The claimant has been damaged by reason of the appropriation in the total sum of $59,891.50, all of which is direct damage, there having been no consequential damages to the remainder of claimant’s property.